■ EDE LOWINGER, Respondent, v CITY OF NEW YORK, Appellant.—In a

proceeding, *inter alia,* to compel the City of New York to proceed with an oral and physical examination of the petitioner-claimant pursuant to section 50-h of the General Municipal Law, the city appeals from a judgment of the Supreme Court, Kings County, dated February 23, 1977, which, *inter alia,* permitted the petitioner to serve a summons within 90 days from the date the city either conducts an oral examination or withdraws the demand to conduct the examination. Judgment reversed, on the law, without costs or disbursements, and proceeding dismissed on the merits. Petitioner allegedly suffered injuries when he tripped over a broken public sidewalk on January 3, 1975. Thereafter, on January 28, 1975, petitioner duly served a notice of claim against the City of New York within the requisite time period (see General Municipal Law, § 50-e, subd 1, par [a]). The city, in turn, served a demand that the petitioner appear on April 21, 1975 for an oral and physical examination pursuant to subdivision 1 of section 50-h of the General Municipal Law. Counsel for petitioner found this date unacceptable inasmuch as he "still required information for the purpose of a hearing and physical examination" and, thus, he requested an adjournment. The city rescheduled the examination for August 20, 1975, but counsel for petitioner again found this unacceptable because it encompassed a delay of four months. Counsel for petitioner then indicated that if an earlier date became available (due to an unexpected cancellation), he would like to be notified and would appear at the earlier date. Notwithstanding the fact that the city never notified the petitioner of any earlier date, the petitioner failed to appear for an examination on August 20, 1975. Furthermore, counsel for petitioner "inadvertently failed to re-schedule a new hearing date" until after the Statute of Limitations of one year and 90 days in which to commence the underlying action itself, had run (see General Municipal Law, § 50-i, subd 1, par [c]). When counsel realized his error, he attempted to reschedule the hearing, but the city refused. Accordingly, petitioner commenced the instant proceeding to compel the city to hold an oral and physical examination or, in the alternative, for leave to serve the summons. Special Term granted the relief, stating essentially that the city's very act of serving a demand to examine the claimant pursuant to section 50-h of the General Municipal Law operated to toll the one year and 90-day Statute of Limitations of section 50-i, based upon the statutory language that "Where a demand for examination has been served * * * no action shall be commenced against the [municipality]" (General Municipal Law, § 50-h, subd 5). Hence, according to Special Term, once a demand had been served by a claimant, the time in which to commence the action pursuant to section 50-i of the General Municipal Law was stayed until either the examination was conducted, or the city withdrew the demand, and this was true regardless of whether the claimant had attempted to comply with the demand. We hold that Special Term's decision is founded on an error of law and, hence, the petition to compel the city to conduct the examination must be dismissed. Subdivision 5 of section 50-h of the General Municipal Law provides that "Where a demand for examination has been served * * * no action shall be commenced against the city * * * *unless the claimant has duly complied with such demand* for examination, which compliance shall be in addition to the requirements of section fifty-e of this chapter" (emphasis supplied). In the case at bar, petitioner never complied with the city's lawful mandate that he appear on August 20, 1975, for which failure the city was not responsible. In addition, the mere service of a demand for examination pursuant to section 50-h of the General Municipal Law does *not* toll the one year and 90-day Statute of Limitations contained in section 50-i of the

General Municipal Law. Subdivision 3 of section 50-i, which specifically *refers* to the service of a demand pursuant to section 50-h, plainly states that *"Nothing contained herein * * * shall operate to extend the period* limited by subdivision one of this section *for the commencement of an action"* (emphasis supplied). Although this language is clear and concise on its face, a note to the 1960 amendment to section 50-i of the General Municipal Law (L 1960, ch 151, § 1) indicates that the bill was recommended by the Joint Legislative Committee on Municipal Tort Liability and that the purpose of the bill "is to make it clear that the period within which actions and special proceedings against municipalities are required to be brought *is not intended to be tolled* or extended by reason of its provisions" (i.e., section 50-h) (McKinney's Session Laws of NY, 1960, p 289) (emphasis supplied). Accordingly, we hold that the mere fact that the city served a demand to take petitioner's examination did not operate to toll the Statute of Limitations on the underlying action, a conclusion which is in accord with the result reached by the Appellate Division, Third Department, in *Kratz v Dussault* (33 AD2d 826). The proceeding must therefore be dismissed. Latham, J. P., Rabin, Gulotta and Hawkins, JJ., concur.