OPINION OF THE COURT
Joseph D. Quinn, Jr., J.
In this action in negligence to recover damages for personal injuries, defendants, invoking the provisions of subdivision 5 of section 50-h of the General Municipal Law, have moved to dismiss the complaint on the ground that the claimant and plaintiff, Sue Kate Hur, has failed to comply with a demand for examination by deposition under the statute relied on. Plaintiffs have cross-moved for protective relief, pursuant to *692 CPLR 3103, claiming that plaintiff lacks capacity to be deposed and seeking (1) deferment of the examination until capacity is regained, and (2) continued maintenance of the action. At issue is the vexing question of whether, in a case of extreme disability, a court, in the proper exercise of discretion, may permit a claimant to forego examination under section 50-h of the General Municipal Law, and to commence and maintain a personal injury action.
At about eleven o’clock on the night of October 19, 1978, Sue Kate Hur was involved in an automobile accident at the intersection of Lincoln Avenue and Reade Place, in the vicinity of Vassar Brothers Hospital, in the City of Poughkeepsie. The car which she was operating was hit broadside by a City of Poughkeepsie police vehicle driven by Officer Thomas Young.
Due to damage to the spinal cord caused by a vertebral fracture and dislocation sustained in the accident, this plaintiff has been, according to one of her physicians, completely quadriplegic since the time of the accident, with a sensory level at the apex of the shoulder. She continues to have no motor function of the limbs and her breathing is said to be almost diaphragmatic. She cannot control her bowel or bladder.
Following the accident, plaintiff was admitted at Vassar Brothers Hospital and later transferred from the intensive care unit of that institution to the Institute of Rehabilitation Medicine at New York University Medical Center, where she is presently confined. Since her transfer to the latter hospital, plaintiffs cervical spine has been kept in traction by apparatus stabilizing the position of her head and neck. Photographs attached to the papers on the cross motion depict her body position in traction.
According to her physician, in addition to all of this, this plaintiff has "[f]rom a psychological point of view the most paralyzing sort of vulnerability that one can imagine. In short, she is devastated. She is psychologically terrified of her predicament. In addition, she has great difficulty even getting her breath.”
Prior to commencing the instant action, and on October 26, 1978, plaintiffs’ attorneys served a notice of claim on defendant city’s chamberlain. This claim was amended, as to damages, by notice served on December 1, 1978. In the interim, and on November 1, 1978, defendants served a section 50-h *693 notice on plaintiffs’ attorneys, demanding both an examination of Sue Kate Hur on oral question and a physical examination.
Plaintiffs’ attorneys have consented to the physical examination, but, on the physician’s advice they have resisted deposition of the injured plaintiff. In an affidavit, the attending physician states that "[M]rs. Hur is absolutely in no condition to undergo such a legal proceeding (questioning concerning the nature and happening of the accident as well as her injuries) and, as her physician, I cannot recommend that she submit to such a procedure in the foreseeable future.”
This action was commenced on December 1, 1978, by service of summons and complaint.
Plaintiffs’ attorneys are on the horns of a dilemma. They represent a woman who has suffered catastrophic injuries. Without a timely suit, the short Statute of Limitations of one year and 90 days set forth in section 50-i of the General Municipal Law, may run, cutting off any chance of recovery. They are confronted with the rule that they may not sue until the woman plaintiff has been deposed. Yet this woman’s physician will not permit her to be subjected to the ordeal of the demanded examination. Nor does the demand for examination operate to toll the Statute of Limitations, nor extend the time in which action must be commenced. (Lowinger v City of New York, 64 AD2d 888; General Municipal Law, § 50-i, subd 3.)
Clearly, a dismissal of the action now would result in a gross miscarriage of justice. It is difficult to conceive that, in enacting section 50-h of the General Municipal Law, the Legislature ever intended such a manifestly unjust effect. In this court’s view, the statute here should be interpreted in such a way as to avoid this outcome.
Under the peculiar facts and circumstances of this case, the literal language of the statute may be disregarded and it may be rationally construed in a manner that is consistent with justice and common sense.
Section 50-h of the General Municipal Law makes no express exception because of disability. There is no provision in it for authorization for, nor proscription against, either an exemption from or a deferment of examination in the event of severe physical and emotional incapacity on the part of a claimant. For this reason, in the exercise of discretion, the *694 statute is interpreted to permit an extremely incapacitated claimant, such as the plaintiff here, to bring suit without necessity of being subjected to the rigors of an inquiry which might have a traumatic and lasting effect on mental and physical life.
Accordingly, defendants’ motion is denied, and plaintiffs’ cross motion is granted to the extent indicated.