(December 31, 1979)

■ BARMANN'S REALTY SALES, INC., Appellant, v DAVID KWILECKI, Respondent.—In an action to recover the money due on a bond (in lieu of mortgage foreclosure), plaintiff appeals from an order of the Supreme Court, Orange County, dated November 14, 1978, which denied its motion for summary judgment. Order modified, on the law, by adding thereto, immediately after the provision denying the motion, the following "except that plaintiff's motion for summary judgment is granted to the extent of dismissing defendant's first and second affirmative defenses." As so modified, order affirmed, with $50 costs and disbursements to plaintiff. Although we agree with Special Term's implicit conclusion that a triable issue has been raised by defendant's allegation of mutual mistake and his prayer for reformation (see Brandwein v Provident Mut. Life Ins. Co. of Phila., 3 NY2d 491, 496; Susquehanna S. S. Co. v Andersen & Co., 239 NY 285; Meyer v Lathrop, 73 NY 315), we nevertheless conclude that the court should have proceeded to grant partial summary judgment dismissing defendant's first and second affirmative defenses (see CPLR 3212, subd [e]) which are insufficient in point of law and as to which no triable issues of fact have been raised. Mollen, P. J., Titone, Rabin, Gulotta and Gibbons, JJ., concur.

■ IRIS DE LA TORRE BUENO, Appellant, v CITY OF NEW ROCHELLE et al., Respondents.—In a negligence action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Westchester County, entered October 23, 1978, which, inter alia, granted the motion of the defendant county and cross motion of the defendant city to dismiss the complaint as against both defendants. Order affirmed, without costs or disbursements. Plaintiff offered no valid excuse for her failure to comply with the notices of hearing served upon her by the defendants. Accordingly, her action was barred and the complaint was properly dismissed. (See General Municipal Law, § 50-h, subd 5; § 50-i.) Mollen, P. J., Titone, Rabin, Gulotta and Gibbons, JJ., concur.

■ TOMMY CHOU, Respondent, v PAN-CHIN CHOU, Appellant.—In a divorce action, defendant appeals from so much of an order of the Supreme Court, Queens County, dated November 20, 1978, as corrected by an order dated November 28, 1978, as denied her motion to vacate a default judgment of divorce granted to the plaintiff on October 27, 1978, or to stay implementation of its provisions. Order, as corrected, reversed insofar as appealed from, without costs or disbursements, motion granted, and judgment vacated. The action shall be consolidated with the action commenced by the defendant entitled Pan-Chin Chou v Tommy Sha-Sen Chou. The interests of justice require that the order, as corrected, be reversed insofar as appealed from and the defendant's motion granted (see Munkacsi v Munkacsi, 4 AD2d 854; Vanderhorst v Vanderhorst, 282 App Div 312). We would be remiss in this case if we did not condemn the conduct of defendant's former attorney in defaulting and creating a situation in which his client's right to a trial on the merits of her cause could be salvaged only by our resort to interests of justice analysis. Mollen, P. J., Hopkins, O'Connor and Lazer, JJ., concur.