■ RAPHAEL, SEARLES, VISCHI, GLOVER & D'ELIA, Respondent, v JOSEPH MULLER CORPORATION ZURICH, Appellant. — In an action to recover attorneys' fees, the defendant appeals from so much of an order of the Supreme Court, New York County (Grossman, J.), dated April 14, 1981, as (1) denied defendant's motion for summary judgment and (2) granted summary judgment to the plaintiff to the extent that in determining the contingency fee due plaintiff from defendant, the fee paid to the law firm of Joseph Burns shall not be deducted from the net proceeds of the settlement. (The appeal was transferred to this court by order of the Appellate Division, First Department.) Order modified, by deleting the second decretal paragraph thereof and by substituting therefor a provision denying plaintiff's motion for summary judgment in its entirety. As so modified, order affirmed insofar as appealed from, without costs or disbursements. There are triable issues of fact which require a plenary trial. Mangano, J. P., Weinstein, Thompson and Bracken, JJ., concur.

■ CHARLES RESTIVO, Appellant, v VILLAGE OF LYNBROOK et al., Respondents. (Action No. 1.) JOHN RESTIVO, Appellant, v VILLAGE OF LYNBROOK et al., Respondents. (Action No. 2.) — In separate actions by Charles Restivo and John Restivo to recover damages for false arrest and false imprisonment "malicious detention" and assault, plaintiffs appeal from an order of the Supreme Court, Nassau County (Robbins, J.), entered June 2, 1980, which granted defendants' motions to dismiss the complaints, on the ground that plaintiffs had failed to submit to hearings prior to commencement of the actions, as required by the General Municipal Law (§ 50-h). Order affirmed, with $50 costs and disbursements. The complaints allege that plaintiffs were arrested on September 12, 1978, that John Restivo was acquitted on or about June 6, 1979 and that Charles Restivo was acquitted on or about November 19, 1979. Thus, the purported Fifth Amendment "disabilities" had terminated prior to the time limitation for commencing suit. We find no merit to plaintiffs' claim of waiver and estoppel. While the record contains evidence suggesting that the defendant village consented to many adjournments of the hearings with knowledge of, and because of, the pending criminal charges against plaintiffs, and that the village consented to an adjournment on or about the date of commencement of the final criminal trial and to four adjournments made *after* the final acquittal, the record does not establish that the village was consenting to permit suits to be brought without prior examinations. Lazer, J. P., Gulotta, Cohalan and Bracken, JJ., concur.