(October 27, 1983)

■ JOANN BEST, Respondent, v CITY OF NEW YORK, Appellant. — Order of the Supreme Court, Bronx County (Alfred J. Callahan, J.), entered on June 16, 1982, which granted the motion by defendant City of New York for reargument, vacated the prior order of the court, entered on January 4, 1982, and, upon reargument, granted plaintiff's motion to strike defendant's first affirmative defense and denied defendant's cross motion to dismiss the complaint, is unanimously modified, on the law, without costs or disbursements, to the extent of denying plaintiff's motion to strike defendant's first affirmative defense and granting defendant's cross motion to dismiss the complaint, and otherwise affirmed. This is a suit for damages arising out of personal injuries which plaintiff allegedly suffered when she fell on a public sidewalk on February 24, 1978. A notice of claim was duly filed with defendant City of New York on April 5, 1978, and thereafter defendant sought to conduct an examination of plaintiff pursuant to section 50-h of the General Municipal Law. A number of examinations were subsequently scheduled, each of which was, in turn, adjourned at the request of plaintiff's attorney. The last of these appointments, also at plaintiff's behest, was set for February 8, 1979, but neither she nor her lawyer attended, canceled or sought a further adjournment. Nonetheless, having obtained a total of five separate appointments without having appeared on the final scheduled date, plaintiff commenced the instant action on May 16, 1979 by service of summons and complaint. The Statute of Limitations was to run on May 26, 1979. In its answer, the defendant asserted as an affirmative defense plaintiff's lack of compliance with section 50-h of the General Municipal Law. According to plaintiff, her failure to attend the examinations was due to her son's epileptic condition. Although she later made special arrangements to enable her to appear, she was not provided with an opportunity to do so. Plaintiff also noted that defendant took a deposition from her on October 30, 1981 and that she had been examined on November 5, 1981 by a physician selected by defendant. Plaintiff moved to strike the defendant's affirmative defense, following which there ensued some procedural confusion regarding defendant's filing of its cross motion to dismiss. The result was that the court granted plaintiff's motion without, in effect, opposition, and defendant's cross motion wound up before another Judge. Defendant's subsequent motion for reargument was granted in order to enable the court to decide the respective motions on their merits. Notwithstanding the fact that the order denying defendant's cross motion was never actually vacated, this court deems the entire matter to be before it on appeal. Section 50-h of the General Municipal Law states that no action may be commenced against a municipality within the State of New York unless the claimant has duly complied with a timely demand for examination. In the instant case, plaintiff received an appointment date and then four separate adjournments. On the last date, she and her counsel simply failed to show up. Regardless of whether or not she had a valid reason for not appearing, she neglected to inform the city of her inability to attend or to seek a rescheduled date. In fact, defendant admits that she was available after the last adjourned date, which was some months prior to the running of the Statute of Limitations, but she evidently made no effort to obtain a new appointment. Certainly it was not, under the circumstances, defendant's responsibility to endeavor to set up another date for the examination. (See *Lowinger v City of New York*, 64 AD2d 888.) Therefore, Special Term was not warranted in concluding that plaintiff had a valid excuse for her lack of compliance with the defendant's demand for an examination. Concur — Murphy, P. J., Sullivan, Carro, Milonas and Alexander, JJ.