OPINION OF THE COURT
Martin B. Stecher, J.
Motions 194 through 207 inclusive, 211, 212 and 223 of the calendar of September 24, 1984 are consolidated for disposition. Each of these applications involves an action to be brought against the City of New York.
In each motion a prospective plaintiff (claimant) seeks •leave of the court permitting him to initiate his action against the City prior to October 1,1984 irrespective of the provision of section 50-h of the General Municipal Law. Alternatively, the claimants seek an order directing the defendants (respondents) to schedule a hearing pursuant to the provisions of section 50-h “prior to September 28, 1984.”
These applications were triggered by the enactment of a new CPLR 4545 by chapter 701 of the Laws of 1984. The statute which becomes effective October 1, 1984 modifies the traditional collateral source rule of damages in any *624 action against a public employer where such collateral source payments have been made to or on behalf of the; claimant by the public employer. Such collateral sonrcfe payments include paid sick leave, medical benefits, d hi benefits, dependent benefits, disability retirement allowance, social security to a limited extent, custodial ciire, rehabilitation services, etc. *
The modification is made applicable bo every case brought on or after October 1, 1984 rathep' than to every claim which accrued on or after October/1, 1984.
In 13 of 17 applications, notices of claim were filed between December 9, 1983 and August 17, 1984; that is, more than 30 days prior to October lb 1984. In every one of those cases a hearing is presently scheduled for a date after October 1, 1984. In none of the 13 casies is a hearing date scheduled prior to October 1, 1984. 04" the 13 cases, 7 are scheduled for a section 50-h hearing, six months after the notice of claim was filed; 2-7 months after the notice of claim was filed; 1 each 10 and 11 months aft er the notice of claim was filed; and 2-12 months after the notice of claim was filed. On oral argument the Assistant Corporation Counsel stated in general terms that in some cases there had been adjournments of hearings at the request of the claimant. No record, however, is made in any case of the history of alleged adjournments.
The statutory scheme for bringing an action against the City of New York is as follows: As a condition precedent for bringing an action, a notice of claim complying with the provision of section 50-e of the General Municipal Law must be presented within 90 days of the occurrence (General Municipal Law, § 50-e, subd 1, par [a]). The statute bars the commencement of an action for 30 days following filing of the notice of claim (General Municipal Law, § 50-i) presumably to allow investigation and settlement of the claim. Thereafter, the claimant may initiate the action against the municipality unless the municipality within 90 days after service of the notice of claim demands an examination of the claimant relative to the occurrence and the extent of injuries and damages. “Where a demand for examination has been served * * * no action shall be commenced * * * unless the claimant has duly complied with *625 such demand for examination” (General Municipal Law, § 50-h, subd 5).
It is the latter statutory provision which will deprive the claimants of collateral source of damages for in no case may they bring their action before October 1,1984 because in each case the section 50-h examination which has been demanded will occur after October 1, 1984.
With respect to 13 claimants, that is, Alford (calendar No. 194), Mullins (No. 195), Higgins (No. 196), Cintron (No. 197), Lassek (No. 198), Nelson (No. 199), Schwartz (No. 200), Sollami (No. 201), Pappas (No. 202), No vello (No. 207), Wilson (No. 212), and Hespe (No. 223), the application is granted to the extent of permitting those claimants to serve a summons prior to October 1, 1984 despite the fact that no hearing has been held pursuant to section 50-h. In each such case, however, prosecution of the action shall be stayed pending holding the section 50-h hearing. With respect to claimants Cronely (No. 204), Wilhelm (No. 205), Panzarino (No. 206) and Campbell (No. 211) the applications are denied.
The distinction between the 13 claimants who are permitted to file claims prior to examination and the 4 who are not, is the fact that the Comptroller of the City of New York with respect to the 13 granted applications had and has within his power the ability to conduct such an examination in time for the service of the respective summonses. With respect to the four whose applications are denied, there is an absolute statutory bar to the service of a summons because no notice of claim was served upon the City prior to September 1, 1984.
With respect to the 13 granted applications, it would be inequitable and unjust to allow the Comptroller, irrespective of purpose or motive, to deprive the claimants of collateral source damages by his choice of a date for hearing. The situation here is analogous to a contractual situation where one party may, unilaterally, avoid obligations by preventing the other from fulfilling the contract. As pointed out by Chief Judge Fuld in Arc Elec. Constr. Co. v Fuller Co. (24 NY2d 99, 103-104): “The law looks with disfavor on contractual provisions that would allow one party, by its own unilateral act, to avoid its obligations by *626 preventing or hindering the other party from fulfilling one of the conditions to the contract * * * £[T]he defendant cannot rely on [a] condition precedent’, this court wrote in the O’Neil Supply case (280 N. Y., at p. 56), ‘where the nonperformance of the condition was caused or consented to by itself’.”
The wisdom of enacting such a statute which becomes effective October 1, 1984 despite the fact that it was only signed by the Governor on August 3, 1984 is for the Legislature. The constitutional issues which may arise by depriving litigants of claims which accrued prior to the enactment of the law and prior to its effective date were neither argued nor briefed on these applications and, accordingly, they are better left to later resolution.