OPINION OF THE COURT
Lewis L. Douglass, J.
Plaintiff filed a notice of claim against the City of New York on May 22, 1984. The city then scheduled a hearing on that notice for May of 1985, more than 11 months later and just 24 days before the Statute of Limitations would have run against the plaintiff.
Since General Municipal Law § 50-h provides that no action shall be commenced against the city until a hearing is held, the question becomes whether the city, without explanation or the showing of any unusual circumstances may schedule that hearing so as to effectively reduce plaintiff’s time to file her complaint to 24 days.
The question develops because the attorney for plaintiff, apparently and understandably aware of the risk he would run if he waited until 24 days before the expiration of the statute to file his complaint, filed the complaint on the first business day of the new year, 1985.
The city took no steps to contact the attorney to reschedule the hearing or otherwise resolve the issue but routinely filed an answer with the affirmative defense that the plaintiff had not *195 submitted to a hearing. Plaintiff now moves to strike that defense.
General Municipal Law § 50-h, like other statutes, must be read on the assumption that the Legislature did not intend to create absurd or grossly unfair results (Hur v City of Poughkeepsie, 98 Misc 2d 691, mod on other grounds 71 AD2d 1014).
Section 50-h requires that the city give “reasonable” notice. Since the Legislature has provided that claimants have one year and 90 days (General Municipal Law § 50-i) to bring an action against the city, a notice of hearing which effectively reduces the period to 24 days is unreasonable.
Accordingly, plaintiff’s motion is granted. Defendant’s cross motion that the notice of claim is defective is without merit and is denied.