■ ROBERT ALFORD et al., Respondents-Appellants, v CITY OF NEW YORK et al., Appellants-Respondents.—Order entered October 3, 1984 in Supreme Court, New York County (Martin B. Stecher, J.), which granted 13 claimants leave to commence actions prior to October 1, 1984 and denied the request of four claimants to commence their actions before October 1, 1984, unanimously modified, on the law, without costs, to deny the 13 claimants leave to commence their actions prior to October 1, 1984, and, as so modified, otherwise affirmed.

The claimants in the underlying actions are 17 New York City firemen who, in separate incidents, allegedly sustained personal injuries during the course of their employment. All of the claimants have filed notices of claim with the city as is required by General Municipal Law § 50-e. Thirteen of the claimants (Alford, Hespe, Schwartz, Pappas, Higgins, Sollami, Wilson, Mullins, Novello, Lassek, Cintron, Leone, and Nelson) filed their notices of claim before September 1, 1984. The remaining four claimants (Wilhelm, Cronley, Campbell and Panzarino) filed their notices of claim between September 1 and October 1, 1984.

On October 1, 1984, newly enacted CPLR 4545 became effective. The new legislation provided that in certain actions against a public employer for personal injury and wrongful death, evidence of payments received from collateral sources would be admissible to establish that expenses claimed as damages were replaced or indemnified. Upon a finding of replacement or indemnification from a collateral source, the award was to be reduced accordingly (CPLR 4545 [b]). The rationale of the enactment was to prevent double recoveries at the taxpayer's expense; formerly, an award of damages against a public employer was not reduced by collateral source payments.

Claimants in the present action were all subject to the new collateral source rule because they had not commenced their actions against the city before October 1, 1984. The members of the above-mentioned group of 13 claimants, who filed their

notices of claim before September 1, 1984, were prevented from commencing their actions by the operation of General Municipal Law § 50-h, which gives the city the option of demanding an examination of the claimant within 90 days of service of the notice of claim and stipulates that where an examination demand is made no action will be commenced until the demand is complied with. Examinations were demanded of each of the 13 claimants, but were not scheduled until after October 1, 1984, thus barring service of summonses before that date.

Regarding the remaining four claimants who served their notices of claim during September 1984, as Special Term observed, their actions could not have been commenced in any case before October 1, 1984, since General Municipal Law § 50-i creates an absolute bar to initiating a suit against the city for 30 days following the claimant's service of a notice of claim.

Claimants maintain that operation of the above-cited General Municipal Law provisions works an inequity upon them since they are thereby deprived of recovering damages to which they might otherwise establish an entitlement. They urge that CPLR 4545 was enacted in derogation of common law, and that it should be narrowly applied so that claimants, who would not be subject to its limitations but for the notice of claim provisions of the General Municipal Law, are not deprived of their full measure of recovery.

We see no merit in claimants' position. The General Municipal Law's notice of claim provisions were enacted to enable municipalities to pass upon the merits of a claim before the initiation of litigation and thereby forestall unnecessary lawsuits. *(See,* Fourth Report of the Joint Legislative Committee on Municipal Tort Liability, 42 *NY Legis Docs* 24 [1959]; *Salesian Socy. v Village of Ellenville,* 41 NY2d 521, 524.) The importance of this objective and the law promoting it have been often recognized. *(See, e.g., Salesian Socy., supra,* p 524; *Matter of Ziecker v Town of Orchard Park,* 70 AD2d 422, 427.) The effectiveness of the General Municipal Law's notice of claim provisions depends largely on the accompanying provisions of General Municipal Law § 50-h entitling the municipality to examine the claimant before commencement of litigation, provided the examination request is timely made. Only where a claimant's extreme incapacity has been shown have courts made exceptions to the General Municipal Law's examination provisions. *(Hur v City of Poughkeepsie,* 98 Misc 2d 691, *mod on other grounds* 71 AD2d 1014; *De La Tore Bueno v*

*City of New Rochelle,* 73 AD2d 681.) No such extreme incapacity has been demonstrated here.

Claimants are not being barred from maintaining their actions *(compare, Hur, supra),* they are simply being prevented from obtaining double recoveries which is precisely what the Legislature intended in enacting CPLR 4545. The fact that claimants' causes of action may have accrued before the law's effective date is of no consequence. There is no vested right to the double recovery of damages previously allowed at common law. Indeed, " '[a] person has no property, no vested interest, in any rule of the common law.' " *(Montgomery v Daniels,* 38 NY2d 41, 56, citing *Munn v Illinois,* 94 US 113, 134.) The Legislature was thus free to bring all actions not commenced by October 1, 1984 within the ambit of the new law, and presumably did so fully cognizant of the law's effect upon those who, like the present claimants, had not yet complied with General Municipal Law § 50-h examination requests, or were conclusively barred from commencing their actions by General Municipal Law § 50-i because 30 days had not elapsed since their notices of claim were served. *(Cf. People ex rel. Sibley v Sheppard,* 54 NY2d 320, 325.) Concur—Murphy, P. J., Sullivan, Ross, Kassal and Ellerin, JJ. [125 Misc 2d 623.]