*444 OPINION OF THE COURT
Phyllis Gangel-Jacob, J.
Petitioner’s application for an order compelling respondent City of New York to either conduct a hearing pursuant to General Municipal Law § 50-h prior to June 7, 1991, when petitioner’s one-year and 90-day Statute of Limitations expires on her personal injury claim against respondent which accrued on March 8, 1990, or to waive the requirement of such hearing so that she may timely serve her summons and complaint upon respondent without violating section 50-h, is granted to the extent set forth below.
Section 50-h (5) provides, in relevant part: "Where a demand for examination has been served * * * no action shall be commenced against the city * * * unless the claimant has duly complied with such demand for examination, which compliance shall be in addition to the requirements of section fifty-e of this chapter”.
Petitioner Maureen Counihan claims that after filing her notice of claim on May 31, 1990[1] pursuant to General Municipal Law § 50-e, respondent scheduled a section 50-h hearing for August 31, 1990; that when her former counsel advised her of this date on August 10, 1990, she asked him to seek an adjournment because she would be out of town at that time; that her former counsel then wrote to her on September 5, 1990 advising that the hearing was rescheduled for December 17, 1990; and that since she did not receive further confirmation of this date from her former counsel she consequently missed that appointment, of which she was advised by her former counsel by letter dated December 24, 1990.
Petitioner retained her current counsel on January 3, 1991, who then called her former counsel to ascertain whether, and if so the date to which, the December 1990 hearing had been adjourned. Petitioner’s current counsel affirms that she was advised by former counsel’s office that the hearing had been set over to April 29, 1991 at 11:00 a.m., but that when she telephoned respondent’s Hearing Unit on April 26, 1991 to confirm the hearing on the 29th, she was advised that no new hearing date had been scheduled since December 17, 1990 and the only next available hearing date was in August 1991. Since petitioner’s Statute of Limitations is due to expire on *445 June 7, 1991, petitioner’s counsel sought an earlier hearing date, but respondent refused. This application ensued.
Respondent principally opposed this application solely on the ground that the court does not have subject matter jurisdiction,[2] contending there is no authority in section 50-h to seek relief under the requirements of that statute by way of special proceeding and no discretion in the court to extend the time for a section 50-h hearing or to waive the requirements thereof. Respondent also claims that if this application is deemed to have been brought as a motion it is still jurisdictionally improper because there must be an underlying action to support the motion.
In essence, respondent contends that petitioner’s only avenue for relief under section 50-h is by way of plenary action. The court notes that this, in itself, would defeat the purpose of section 50-h which, as respondent’s counsel admits, in conjunction with section 50-e of the General Municipal Law, permits respondent to speedily investigate a claim in aid of deciding, among other things, whether or not the pursuit of time-consuming and costly litigation is warranted (see, Alford v City of New York, 115 AD2d 420, 421, affd 67 NY2d 1019). It also defeats a petitioner’s quest for a remedy under section 50-h; were petitioner here to bring a plenary action now, respondent would move to dismiss the action as premature and assert as an affirmative defense petitioner’s failure to comply with the section 50-h hearing requirement on her underlying claim. In the meantime, the time within which her hearing must be conducted (obviously before the Statute of Limitations has run) would have expired.[3] Respondent’s argument leaves petitioner with no practical alternative at this stage of the *446 proceedings. This court does not believe that is the intendment underlying section 50-h. "[T]he intent of the statute [is] similar in scope to that of section 50-e of the General Municipal Law; to provide an equitable balance 'between a public corporation’s reasonable need for prompt notification of claims against it and the injured party’s interest in just compensation’ ” (Wallace v City of New York, 126 Misc 2d 56, 57-58). Moreover, CPLR 103 (c) provides that "[i]f a court has obtained jurisdiction over the parties, a civil judicial proceeding shall not be dismissed solely because it is not brought in the proper form, but the court shall make whatever order is required for its proper prosecution.”
Under the CPLR there is no " ' "procedural no man’s land” ’ ” (Matter of Nowak v Wereszynski, 21 AD2d 427, 430), and "the form of the action or proceeding is not controlling as long as a remedy is available. (See CPLR 103)” (Goldwin-Kent, Inc. v County of Broome, 107 Misc 2d 722, 725; see, 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 401.03).
The court deems this application to be in the nature of a special proceeding similar to that authorized by General Municipal Law § 50-e, together with which section 50-h should be read (CPLR 103 [c]; Siegel, NY Prac § 547 [2d ed]). The court rejects respondent’s contention that there is no subject matter jurisdiction and observes that other courts routinely have entertained and decided similar applications for relief under section 50-h with no question of their lack of jurisdiction to do so (cf., Matter of Dickey v City of New York, 167 AD2d 238 [1st Dept 1990]; Alford v City of New York, supra; Lowinger v City of New York, 64 AD2d 888). Respondent has offered, and this court is aware of, no reported authority that would preclude this particular proceeding on subject matter jurisdiction grounds.
This application was brought on by order to show cause dated May 1, 1991 pursuant to which respondent was personally served on May 3, 1991. The order to show cause was made returnable May 14, 1991. On that date respondent sought an adjournment of one or two weeks to prepare its response. As respondent had already had 11 days from the date of service within which to prepare a response, this court was reluctant to grant any adjournment considering the limited amount of time remaining for petitioner to commence her action. However, while the court heard argument from both sides on the 14th, based largely on respondent’s counsel’s representation that more time was needed to obtain petitioner’s file from the *447 appropriate department and review it to ascertain the facts in relation to petitioner’s acts and the scheduled and rescheduled hearings so as to properly and fully respond to the application, the court permitted respondent additional time, until May 17, 1991, to put in answering papers and further argue this application. On May 17th, respondent did not offer the expected information from petitioner’s file, but opposed the application on jurisdictional grounds, with no further argument on the merits beyond that which was verbally argued on May 14th. In response to inquiry concerning the contents of petitioner’s file, including documentation showing hearing dates and adjournments thereof the court was advised that at this stage of the proceedings there are few records beyond copies of petitioner’s notice of claim with hearing dates indicated thereon and the Comptroller’s records of hearing dates. Respondent did not then produce this documentation.
What petitioner seeks here is not to be foreclosed by the Statute of Limitations from bringing suit on her claim against the city. Under section 50-h she ordinarily cannot bring such suit until the section 50-h hearing is held. As set forth below, this is not a case where petitioner seeks to avoid a section 50-h hearing or has egregiously defaulted in appearing. She is concerned that if her hearing is not held before she serves her summons and complaint, respondent will raise the lack of such hearing as an affirmative defense which could be fatal to her action. Respondent does not deny that it will raise such defense and asserts that petitioner’s remedy is to make a motion to dismiss that defense once it is raised, and that the raising of such a defense is not always fatal. Respondent refuses to grant petitioner an early hearing date so that she is not endangered by the running of the Statute of Limitations, asserting that it cannot single petitioner out by taking her out of turn, that the city’s hearing calendar is already filled to capacity, and that this is a situation that petitioner has brought upon herself for which respondent cannot be held responsible. Respondent contends that section 50-h is intended to inure to respondent’s benefit and it will suffer prejudice if it is compelled to forego the rights accorded it under the statute. Respondent argued that the absence of an affidavit from petitioner’s former counsel was noteworthy in terms of whether a further adjourned date from December 17, 1990 had actually been sought and obtained.
By way of conference call with the court on May 20, 1991, petitioner was given permission to submit an additional affida *448 vit from her former counsel and respondent was given permission to reply to that submission (a copy of which had been faxed to respondent prior to the conference call) on the merits without waiving its jurisdictional objection. Petitioner’s former counsel’s affidavit states that on December 17, 1990, by way of telephone call to respondent’s Hearing Unit, a further adjournment of petitioner’s hearing was sought and a new hearing date of April 29, 1991 was obtained. In reply respondent submits copies of hearing schedules compiled for the two days for which petitioner’s hearing was set down by respondent’s Hearing Unit. The August 31, 1990 hearing schedule shows an adjournment to December 17th at 11:00 a.m. The December 17, 1990 hearing schedule shows that petitioner’s hearing was indeed adjourned, but, according to respondent’s counsel, "no adjourn[ed] date was then scheduled.” Respondent’s counsel infers from the absence of a date next to the word "Adj” that no new date was scheduled at the time plaintiff’s former counsel adjourned the December 17th hearing. This court is not inclined to accept such speculation. In fact, on the same hearing schedule that shows petitioner’s December 17th hearing as being adjourned, albeit without notation as to date, another hearing for an individual named "Mary Leila” was specifically marked "Adj without a date”. Apparently the practice of the Hearing Unit is to specifically indicate on its calendar the circumstance where no specific date is scheduled on a request for an adjournment. While no date appears next to petitioner’s adjournment, the words "without a date” also do not appear. Respondent does not offer an affidavit from anyone in its Hearing Unit to explain this omission. Plaintiff has submitted her former counsel’s affidavit that at the time he adjourned the December 17th hearing he was given the new date of April 29, 1991 by the Hearing Unit.
This court concludes that petitioner’s counsel rescheduled petitioner’s hearing for April 29, 1991, but that through some inadvertance or oversight that date was not recorded when the adjournment was marked on petitioner’s calendar. The court also notes that the two calendars submitted by respondent show that many of the hearings scheduled for a certain date are adjourned, shortening the hearing calendars for any particular date so as to enable the Hearing Unit to accommodate at least one more hearing.
Under these circumstances, in the interests of justice, the court declines to find that petitioner failed to comply with the city’s demand for a hearing. This court agrees that the legisla *449 tive purpose of section 50-h is that it be used as a shield, not as a sword that deprives unsuspecting plaintiffs of their day in court (Wallace v City of New York, supra) and where, as here, there is a real question whether the city erred in failing to indicate petitioner’s April 29 adjourned date on its hearing calendar, where the calendars themselves are flexible in terms of openings by way of numerous adjournments, and where petitioner’s Statute of Limitations has not yet even run, the court finds there is no prejudice to the city in requiring that petitioner be accorded her section 50-h hearing on or before June 6, 1991 in compliance with the city’s demand for examination and consistent with the intent of section 50-h (cf., Wallace v City of New York, supra; Hur v City of Poughkeepsie, 98 Misc 2d 691, mod on other grounds 71 AD2d 1014).
Accordingly, petitioner’s application is granted to the extent that respondent is directed to schedule a new hearing date prior to the expiration of petitioner’s Statute of Limitations. Barring exigent circumstances, there shall be no adjournment of such rescheduled hearing. The hearing date shall be set for a date and time reasonably convenient to both sides, but in no event later than June 6, 1991.

. There is no allegation here that petitioner’s notice of claim was not duly filed.

. While respondent did not deny in its initial papers that any error or misunderstanding concerning the failure to schedule a new hearing date for April 29, 1991 could he respondent’s, it asserted that its jurisdictional objection disposes of the matter and it was not necessary to respond on the merits. However, "for the record” respondent also briefly asserted that the relief sought by petitioner on this application is unwarranted because petitioner’s new counsel consulted her former counsel concerning the purported new hearing date of April 29, 1991, when such new counsel should instead have contacted respondent to determine what, if any, new date had been set and that "law office failure” is not a sufficient excuse on which to ground her application. On the facts of this matter as set forth herein, the court does not accept this position.

. It is noted that service of a demand by the city pursuant to section 50-h does not operate to toll the Statute of Limitations on the underlying action (see, Lowinger v City of New York, 64 AD2d 888).