**Christopher B. MAGGIO, Plaintiff,**

v.

**Stephen T. PALMER, George J. Fredricks, Joseph Grattan and The Town of Riverhead, Defendants.**

**No. CV 92–3543.**

United States District Court, E.D. New York.

Jan. 19, 1993.

Block, Amelkin & Hamburger by Richard Hamburger, Smithtown, NY, for plaintiff.

Michael T. Clifford & Associates by Kelly M. Craffey, Riverhead, NY, for defendants.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Christopher B. Maggio ("plaintiff") brings the instant action pursuant to 42 U.S.C. § 1983 against Stephen T. Palmer, George J. Fredricks, Joseph Grattan (all members of the Town of Riverhead Police Department) and the Town of Riverhead for events arising out of plaintiff's arrest on July 31, 1991. Plaintiff also brings state claims based on false arrest. Now before the Court is defendants' motion to dismiss the state claims due to plaintiff's failure to comply with New York General Municipal Law Section 50–h. For the reasons stated below, the motion is granted.

Section 50–h provides that no action may be commenced against a municipality unless the claimant has duly complied with a timely demand for examination. In the instant case, such an examination was originally scheduled for January 20, 1992. Subsequently, at plaintiff's request, the hearing was adjourned four times, with the last date set for August 17, 1992. Defendant alleges that on or about August 14, 1992, plaintiff's counsel stated that because the instant § 1983 action had been commenced in this Court, plaintiff would not appear for the scheduled August 17, § 50–h hearing. As defendant never consented to an adjournment of that meeting and the relevant statute of limitations has expired, defendant contends that the state charges must be dismissed. *See Best v. City of New York*, 97 A.D.2d 389, 468 N.Y.S.2d 7 (1st Dep't 1983); *Restivo v. Village of Lynbrook*, 84 A.D.2d 831, 444 N.Y.S.2d 189 (2d Dep't 1981); *Lowinger v. City of New York*, 64 A.D.2d 888, 407 N.Y.S.2d 901 (2d Dep't 1978).

Richard Hamburger, plaintiff's counsel, has submitted an affirmation in opposition to defendants' motion to dismiss. In that affirmation, Hamburger explains that he never refused to produce plaintiff for a deposition pursuant to § 50–h. He contends that the August 17, 1992 deposition did not take place because he wanted plaintiff to be deposed one time in satisfaction of the requirements of both § 50–h and the Federal Rules of Civil Procedure while Michael T. Clifford, attorney for defendants, insisted that defendants were entitled to take two separate depositions.[1]

On September 10, 1992, plaintiff sent a letter to this Court requesting that the "case be assigned to a Magistrate so that a conference could be scheduled for fixing a discovery schedule." On November 5, 1992, a conference was held in Magistrate Judge David F. Jordan's chambers, and the parties completed a pretrial scheduling or-

---

1. Plaintiff has submitted a letter from Hamburger to Clifford dated August 19, 1992, in which Hamburger states: "I will certainly produce Mr. Maggio to be deposed at a mutually acceptable time and place to satisfy his obligations both as a claimant, under the General Municipal Law, and as a plaintiff, in a civil rights action."

der in which plaintiff would be deposed on December 14, 1992. Plaintiff's counsel still insists that this deposition should satisfy the requirements of both § 50–h and the Federal Rules, but he agrees to produce plaintiff twice if either Magistrate Jordan or this Court so require.

This Court agrees with plaintiff to the extent that a single deposition should generally satisfy the requirements of both § 50–h and the Federal Rules. Moreover, it would have been "gentleman-like" behavior for defense counsel to have granted plaintiff a fifth adjournment so that this Court could determine whether plaintiff would have to appear for one deposition or for two. Nevertheless, there is no requirement that counsel must behave in a "gentleman-like" manner; there is no dispute that defendants did not agree to adjourn the August 17, 1992 deposition; and there is no dispute that the one year and 90 day Statute of Limitations contained in General Municipal Law § 50–i expired long before the December 14, 1992 deposition.

In *Lowinger*, the court dismissed an action in which the plaintiff failed to appear for a scheduled § 50–h hearing and " 'inadvertently failed to reschedule a new hearing date' until after the Statute of Limitations ... had run. When counsel realized his error, he attempted to reschedule the hearing, but the city refused." *Lowinger*, 407 N.Y.S.2d at 902. The court noted that " 'the period within which actions and special proceedings against municipalities are required to be brought *is not intended to be tolled* or extended by reasons of [§ 50–h].' " *Id.* (citing McKinney's Session Laws of N.Y., 1960, p. 289).

Similarly, in *Best*, the court dismissed a complaint where the plaintiff had received four adjournments regarding her § 50–h deposition and then failed to show up for the last scheduled date. The court noted that even if she had a valid reason for not appearing, she failed to seek a rescheduled date prior to the running of the statute of limitations. "Certainly it was not, under the circumstances, defendant's responsibility to endeavor to set up another date for the examination." *Best*, 468 N.Y.S.2d at 8.

*See also Restivo*, 444 N.Y.S.2d at 190 (defendants' consent to numerous § 50–h adjournments does not establish a waiver of defendants' right to examine plaintiff prior to the commencement of the action).

Following the reasoning of the above-cited cases, this Court finds that the Statute of Limitations having expired on the state claims, it is now too late for plaintiff to seek an Order from this Court to schedule a single deposition to satisfy the requirements of both § 50–h and the Federal Rules. Moreover, because plaintiff failed to appear for the last scheduled § 50–h examination and failed to reschedule a § 50–h examination prior to the running of the statute of limitations, defendants' motion to dismiss the state claims is granted.

SO ORDERED.