Trayvon Ward et al., Appellants, v New York City Health & Hospitals Corporation, Respondent. [918 NYS2d 93]—

Defendant obtained a default judgment dismissing the action after plaintiffs failed to comply with a precondition to commencing action by failing to appear at a General Municipal Law § 50-h hearing, after adjourning the hearing nine times. In seeking to vacate the dismissal, plaintiffs failed to demonstrate a meritorious defense (*see Best v City of New York*, 97 AD2d 389 [1983], *affd* 61 NY2d 847 [1984]; *Wells v City of New York*, 254 AD2d 121 [1998], *lv dismissed* 92 NY2d 1046 [1999], *cert denied* 527 US 1012 [1999]). They also failed to demonstrate the merits of their cause of action by not submitting an affidavit of merit by a medical professional (*see Walker v City of New York*, 46 AD3d 278, 281-282 [2007]; *Di Simone v Good Samaritan Hosp.*, 100 NY2d 632, 634 [2003]).

Nor was plaintiffs' "conclusory and perfunctory" claim of law office failure a reasonable excuse for the default in view of the pattern of dilatory behavior they engaged in in prosecuting this matter (*see Perez v New York City Hous. Auth.*, 47 AD3d 505, 505-506 [2008]; *Metral v Bonifacio*, 309 AD2d 724 [2003]). There were, in addition to the 10 missed appointments for a General Municipal Law § 50-h hearing, and other things, three motions to file a late notice of claim. In the nearly 10 years since plaintiffs filed their late notice of claim, discovery has not even been commenced (*see Metral*, 309 AD2d at 724). Moreover, their proffered excuse is based not on the affirmant's personal knowledge but on the hearsay of a per diem attorney who claimed that a motion clerk advised him that no motion was pending in the case (*see AWL Indus., Inc. v QBE Ins. Corp.*, 65 AD3d 904, 906 [2009]). Concur—Tom, J.P., Sweeny, Renwick, Freedman and Manzanet-Daniels, JJ.