Mumford v 854 Gerard Ave. Corp. (2020 NY Slip Op 51543(U))

[*1]

Mumford v 854 Gerard Ave. Corp.

2020 NY Slip Op 51543(U) [70 Misc 3d 131(A)]

Decided on December 24, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 24, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Cooper, J.P., Higgitt, McShan, JJ.

570198/20

Shelby Mumford, Plaintiff-Appellant,
against
854 Gerard Ave. Corp., individually and d/b/a News Room Jazz
Club/Sports Bar, Theodore Carelock, Triangle Realty-Southeast, Charlotte Greene, Barbara R.
Schwartz, and James Robinson, Defendants-Respondents.

Plaintiff appeals from an order of the Civil Court of the City of New York, Bronx County
(Marissa Soto, J.), entered November 8, 2019, which denied her motion to vacate the dismissal
of the action.

Per Curiam.
Order (Marissa Soto, J.), entered November 8, 2019, affirmed, with $10 costs.
This action was dismissed as a result of plaintiff's nonappearance at a scheduled court
conference (see 22 NYCRR § 208.14[b][2]), and plaintiff's prior motion to vacate
that dismissal was denied because of her nonappearance on the scheduled motion return date. In
this posture, we find no abuse of discretion in the denial of plaintiff's most recent vacatur motion.
Plaintiff's counsel's unsubstantiated assertion that a clerical error caused the case to be dismissed
for nonappearance at a scheduled court conference was inadequate, particularly given the
repeated and extended delays in prosecuting the action over the course of more than sixteen years
(see Ward v New York City Health & Hosps. Corp., 82 AD3d 471 [2011]; Cato
v City of New York, 70 AD3d 471, 472 [2010]). Even assuming that plaintiff showed a
reasonable excuse for her multiple defaults, she failed to demonstrate a meritorious cause of
action (see Fink v Antell, 19 AD3d 215 [2005]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 24, 2020