## Ochoa v Gilbane Bldg. Co.

2024 NY Slip Op 32188(U)

June 28, 2024

Supreme Court, New York County

Docket Number: Index No. 159995/2022

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. MARY V. ROSADO**                              PART                    **33M**

*Justice*

------------------------------------------------------------------X

JAIME GODINEZ OCHOA,

Plaintiff,

- v -

GILBANE BUILDING COMPANY, THE CITY OF NEW
YORK, NEW YORK CITY ECONOMIC DEVELOPMENT
CORP., PULLMAN SST, INC,

Defendant.

------------------------------------------------------------------X

GILBANE BUILDING COMPANY

Plaintiff,

-against-

PJP INSTALLERS, INC.

Defendant.

------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159995/2022 |
| MOTION DATE | 05/25/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

Third-Party
Index No. 595204/2023

The following e-filed documents, listed by NYSCEF document number (Motion 001) 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36

were read on this motion to/for _____ DISMISS _____.

Upon the foregoing documents, Defendants City of New York and the New York City

Economic Development Corporation (collectively "Moving Defendants") motion to dismiss

Plaintiff Jaime Godinez Ochoa's ("Plaintiff") Complaint for failure to appear at a 50-h hearing is

granted.

## I.    Background

This is an action for personal injury alleging violation of the New York Labor Law (*see*

*generally* NYSCEF Doc. 22). Plaintiff alleges he was injured on July 13, 2022 and served a Notice

of Claim on July 29, 2022 (NYSCEF Doc. 25). Plaintiff claims a hearing pursuant to General

**159995/2022  GODINEZ OCHOA, JAIME vs. GILBANE BUILDING COMPANY**
**Motion No.  001**

Page 1 of 4

Municipal Law 50-h was waived (NYSCEF Doc. 22 at ¶ 9). Moving Defendants dispute this allegation and have moved to dismiss the complaint for Plaintiff's failure to appear at a 50-h hearing (NYSCEF Doc. 24).

On October 24, 2022, counsel for Moving Defendants noticed Plaintiff's 50-h hearing for November 1, 2022 at 10:00 a.m (NYSCEF Doc. 28). There were multiple follow ups by counsel for Moving Defendants to ensure the hearing would move forward on November 1, 2022, but Plaintiff's counsel adjourned the 50-h hearing and the parties agreed to a 50-h hearing on November 29, 2022 (NYSCEF Doc. 26). When counsel for Moving Defendants followed up with Plaintiff's counsel on November 21, 2022 to ensure the November 29 hearing would move forward, Plaintiff did not respond, and the hearing on November 29, 2022 did not move forward (NYSCEF Doc. 26). On January 25, 2023, another notice of a 50-h hearing was issued for February 27, 2023, but that hearing did not take place either (NYSCEF Doc. 30).

Counsel for Plaintiff claims that they tried to call counsel for Moving Defendants on February 26, 2023 to confirm the 50-h hearing but nobody returned the phone call, and that over the next few months three further phone calls went unanswered. In reply, Moving Defendants state they have no recollection or records of any phone calls from Plaintiff's office and that Plaintiff cannot sustain their burden without some written record as evidence of Plaintiff's attempt to reschedule the 50-h hearing.[1]

---

[1] The record reflects there were multiple written correspondences exchanged between the parties regarding the scheduling and adjournment of the November 50-h hearings, but Plaintiff has produced no writing evidencing an objection or request for an adjournment of the February 2023 50-h hearing, nor have they provided any specificity regarding phone calls made to Moving Defendants' counsel (*Galaxy General Contracting Corp. v 2201 7th Ave. Realty LLC*, 95 AD3d 789 [1st Dept 2012] [law office failure which is conclusory and unsubstantiated cannot excuse default]).

159995/2022  GODINEZ OCHOA, JAIME vs. GILBANE BUILDING COMPANY
Motion No. 001

Page 2 of 4

## II.    Discussion

Pursuant to Section 50-h of the General Municipal law, no action may be commenced against a municipality unless the claimant has duly complied with a timely demand for examination (*see also Best v City of New York*, 97 AD2d 389 [1st Dept 1983]). Thus, the First Department has held that where a plaintiff fails to appear for a 50-h hearing on numerous occasions, dismissal is appropriate (*see Best, supra* [failing to appear for five appointments warrants dismissal]; *se also Ward v New York City Health & Hospitals Corp.*, 82 AD3d 471 [1st Dept 2011] [adjourning 50-h hearing nine times warranted dismissal]).

The First Department has held that failure to appear at three scheduled 50-h hearings and failing to proffer any supporting reasons for the three cancellations required dismissal (*Richardson v New York City Hous. Auth.*, 223 AD3d 419 [1st Dept 2024]). Here, Plaintiff was noticed for a 50-h hearing on November 1, 2022. Plaintiff's counsel chose November 29, 2022 as the date for the next hearing, yet adjourned again, this time due to an unsubstantiated and non-specific "calendaring conflict". The record contains multiple e-mails from Moving Defendants following up to confirm the 50-h hearings with little to no response from Plaintiff's counsel. Plaintiff failed to appear for a third scheduled 50-h hearing on February 27, 2023, and Plaintiff has failed to produce any writings or affidavits substantiating his assertion that his attorneys tried to confirm the February 27, 2023 date and then schedule further dates. In fact, there is only an attorney affirmation in opposition and no affidavits from Plaintiff regarding his inability to attend the multiple scheduled 50-h hearings or legal staff from Plaintiff's counsel's office detailing efforts to reschedule the multiple adjourned 50-h hearings.

Being bound by the First Department's recent decision in *Richardson*, where the plaintiff likewise failed to appear for three separate 50-h hearings, this Court is constrained to dismiss

**159995/2022   GODINEZ OCHOA, JAIME vs. GILBANE BUILDING COMPANY**
**Motion No.  001**

**Page 3 of 4**

3 of 4

[* 3]

Plaintiff's complaint is it relates to the City of New York and the New York City Economic Development Corporation (*see also Simon v Bellmore-Merick Cent. High Sch. Dist.,* 133 AD3d 557, 558 [1st Dept 2015]).

Accordingly, it is hereby,

ORDERED that Defendants, the City of New York and the New York City Economic Development Corporation motion to dismiss is granted; and it is further

ORDERED that Plaintiff's Complaint is dismissed, with prejudice as to Defendants the City of New York and the New York City Economic Development Corporation; and it is further

ORDERED that within ten days of entry, counsel for Defendants the City of New York and the New York City Economic Development Corporation shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 6/28/2024 | | | | *May V Rxat* JSC | |
|---|---|---|---|---|---|
| **DATE** | | | | **HON. MARY V. ROSADO, J.S.C.** | |
| CHECK ONE: | | CASE DISPOSED | x | NON-FINAL DISPOSITION | |
| | x | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**159995/2022   GODINEZ OCHOA, JAIME vs. GILBANE BUILDING COMPANY**
**Motion No.  001**

Page 4 of 4

[* 4]

4 of 4