■ JOSEPH J. FERACA, SR., Respondent-Appellant, v TOWN OF ESOPUS et al., Appellants-Respondents.—Cross appeals from an order of the Supreme Court at Special Term, entered October 13, 1976 in Ulster County, which denied defendants' motion to dismiss the complaint for failure to state a cause of action and denied plaintiff's cross motion to strike the answer and to grant summary judgment on the second cause of action. Plaintiff was engaged by the Town of Esopus from 1963 to 1975. By annual appointment he was at first designated a part-time Constable, but in later years the title became that of a part-time patrolman. He was separated from the position without a hearing in January of 1975 when the town board failed to reappoint him. Plaintiff's attempts to overturn this decision met with no success and, after filing a notice of claim, he was eventually informed by the attorney for the town, in a letter dated August 7, 1975, that it considered the matter closed. Plaintiff then commenced the instant action for damages in January of 1976, alleging three causes of action against the town and various individuals. Defendants' motion to dismiss the complaint for failure to state a cause of action was denied, as was plaintiff's motion for summary judgment on his second cause of action and for certain alternative relief. These cross appeals ensued. The complaint is somewhat vague and the legal theories urged in support of and in opposition to it are confusingly developed, but it seems plain enough that under each cause of action asserted plaintiff is seeking damages arising from the discontinuation of his services. The wrongfulness of his termination from public office is thus the key ingredient to any recovery, yet that is a matter which may only be tested judicially in a proceeding pursuant to CPLR article 78 (*Austin v Board of Higher Educ. of City of N. Y.,* 5 NY2d 430). Plaintiff's complaint and papers do not allege or even suggest that his suit was begun within four months after defendants acted with finality on his position and, therefore, it would appear to matter little whether we convert this action to a proceeding in that form since, upon a proper application, such a proceeding would be terminated as not being commenced within the time provided by law (CPLR 217). However, inasmuch as that time bar has not as yet been raised by objection in point of law or answer, we have no alternative but to remit the matter to Special Term. Order modified, on the law and the facts, by reversing so much thereof as denied defendants' motion to dismiss the complaint, and matter remitted to Special Term for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs. Motion by defendants for permission to add materials to the record on appeal denied as academic, without costs. Greenblott, J. P., Sweeney, Kane, Staley, Jr., and Main, JJ., concur.