(March 22, 1993)

■ THERESA BABBO, Respondent, v GAETANO BABBO, Appellant. [595 NYS2d 328] —In a matrimonial action in which the parties were divorced by judgment dated November 8, 1989, entered upon the defendant's default in answering, the defendant appeals from an order of the Supreme Court, Kings County (Krausman, J.), dated March 7, 1991, which denied his motion to vacate the judgment of divorce.

Ordered that the order is affirmed, with costs.

The Supreme Court did not improvidently exercise its discretion in denying the defendant's motion to vacate the judgment of divorce entered upon his default in answering. The defendant neither proffered a legally acceptable excuse for his default nor demonstrated any meritorious defenses to the plaintiff's claims (see, Wayasamin v Wayasamin, 167 AD2d 460). Thompson, J. P., Balletta, Rosenblatt and Eiber, JJ., concur.

■ DORIS BAILEY, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORP., Respondent. [595 NYS2d 247] —In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Smith, J.), dated May 24, 1990, which granted the defendant's motion to dismiss the complaint for failure to comply with General Municipal Law § 50-h.

Ordered that the order is affirmed, with costs.

The plaintiff's first two requests to reschedule an examination pursuant to General Municipal Law § 50-h were granted by the defendant; her third request was denied. Since the plaintiff took no action to reschedule the examination in the nearly two years and three months after the denial, the court did not improvidently exercise its discretion in dismissing the complaint pursuant to General Municipal Law § 50-h (see, Best v City of New York, 97 AD2d 389, affd 61 NY2d 847). Bracken, J. P., Lawrence, Miller, Copertino and Santucci, JJ., concur.