■ JOHN J. MCCORMACK et al., Respondents-Appellants, v PORT WASHINGTON UNION FREE SCHOOL DISTRICT, Appellant-Respondent, and RICHARD V. BARRY, Respondent. [625 NYS2d 57] —In an action to recover damages for defamation, the defendant Port Washington Union Free School District appeals from so much of an order of the Supreme Court, Nassau County (Adams, J.) dated September 30, 1993, as denied the branch of its motion which was to dismiss the complaint insofar as it is asserted against it for failing to comply with its demand for a General Municipal Law § 50-h hearing, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as denied their cross motion to amend their notice of claim to include a derivative cause of action by the plaintiff Kathleen G. McCormack, and granted the branch of the defendants' motion which was to dismiss the complaint insofar as it is asserted against the defendant Richard V. Barry.

Ordered that the order is affirmed, insofar as appealed and cross appealed from, without costs or disbursements.

We reject the contention of the defendant Port Washington Union Free School District (hereinafter the District) that the Supreme Court erred in not dismissing the complaint because of the failure of the plaintiff John McCormack to appear for an examination pursuant to General Municipal Law § 50-h. Under that section, dismissal is required only if a claimant fails to appear for a hearing, or adjourns a scheduled examination to a time more than ninety days after service upon the claimant of a demand for an examination (see, General Municipal Law § 50-h [1], [5]). In the matter at bar, although John McCormack did not actually adjourn the examination to a time more than 90 days after service upon him of the District's demand, more than 90 days did actually elapse without an examination. Under such circumstances, it was the obligation of the District to reschedule the examination. Thus, it was not an improvident exercise of discretion for the Supreme Court to deny the District's motion to dismiss the complaint (see, Ambroziak v County of Erie, 177 AD2d 974; cf., Bailey v New York City Health & Hosps. Corp., 191 AD2d 606; Best v City of New York, 97 AD2d 389, affd 61 NY2d 847).

We also reject the plaintiffs' contention that the Supreme Court improperly dismissed the second, fourth, sixth, eighth, tenth, and twelfth causes of action since they assert causes of action against the codefendant Richard V. Barry (hereinafter Barry) for statements made by him in his individual capacity,

rather than as an agent or employee of the District. The allegations contained in the aforesaid causes of action assert that Barry engaged in a willful course of malicious conduct designed to defame and inflict emotional distress upon McCormack, and did so through conduct intimately related to the discharge of his duties as a principal, and the legitimate goals of the District (see, Agins v Darmstadter, 153 AD2d 600; Cioffi v Giannone, 56 AD2d 620; cf., Radvany v Jones, 184 AD2d 349). Our examination of this record leads us to conclude that, even viewed in the light most favorable to the plaintiffs, Barry's course of conduct as alleged by them constituted conduct within the scope of his employment. Moreover, by realleging each and every prior paragraph of the complaint as the first allegation in each of the aforesaid causes of action, the plaintiffs have belied their argument that the statements in question were not made within the scope of Barry's employment.

We have examined the parties' remaining contentions and find them to be without merit. Bracken, J. P., O'Brien, Santucci and Florio, JJ., concur.