MIGUEL MELENDEZ et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY et al., Appellants. [675 NYS2d 353] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered January 21, 1997, which denied defendants' motion to dismiss the complaint as time barred, unanimously modified, on the law, to dismiss plaintiffs' second cause of action, and otherwise affirmed, without costs.

Plaintiffs assert that they were wrongfully terminated from their positions at the Department of Social and Community Services based on false allegations, published in an interview in El Diaro, that they used their employees to engage in partisan politics during working hours. Plaintiffs' first cause of action alleges defamation, their second cause of action, that they were wrongfully discharged because the allegations against them were false, and their third cause of action, that to the extent that the allegations against them pertained to partisan political activity during off duty hours, their discharge was violative of Labor Law § 201-d (2) (a).

We agree with the IAS Court that the defamation claim was not time barred. Although the applicable Statute of Limitations was 1 year pursuant to CPLR 215 (3), with a 30 day extension pursuant to Public Housing Law § 157 (1), it was tolled pursuant to CPLR 204 and General Municipal Law § 50-h (5) upon the serving of defendants' demand for an oral examination pursuant to Public Housing Law § 157 (*see, Wilder v City of New York,* 193 AD2d 420), and remained tolled under the circumstances of this case for the ensuing 90 days because defendant Housing Authority did not schedule the oral

examination sooner (*see, McCormack v Port Washington Union Free School Dist.*, 214 AD2d 546). Plaintiffs' commencement of their action 1 year and 97 days subsequent to its accrual was within the period during which the running of the Statute of Limitations was tolled and, accordingly, was timely.

With respect to plaintiffs' wrongful discharge claims, while we agree with the IAS Court that plaintiffs' third cause of action predicated upon Labor Law § 201-d (2) (a) should not be dismissed at this time since, on the present state of the record, it cannot be said as a matter of law that plaintiffs do not have a valid statutory claim. Plaintiffs' second cause of action, also for wrongful discharge, has no statutory basis and, as such, ought to have been asserted, if at all, in the context of a CPLR article 78 proceeding, subject to the applicable 4 month limitations period (*Feraca v Town of Esopus*, 63 AD2d 771). It follows that defendants' motion to dismiss the evidently time-barred claim asserted in plaintiffs' second cause of action should have been granted. Concur—Milonas, J. P., Nardelli, Williams and Mazzarelli, JJ.