■ Lydia Ramos, Appellant, v New York City Housing Authority, Respondent. [684 NYS2d 2] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered on or about August 28, 1997, which granted defendant's motion to dismiss the complaint on the ground that plaintiff failed to comply with a condition precedent to the commencement of the action and denied plaintiff's cross motion to strike the fifth affirmative defense, unanimously reversed, on the law, without costs, the motion denied, the complaint reinstated, and plaintiff's cross motion granted.

The IAS Court dismissed plaintiff's complaint against the defendant municipal authority on the grounds that plaintiff failed to submit to a physical examination duly requested by defendant pursuant to Public Housing Law § 157 (2) and General Municipal Law § 50-h as a condition precedent to commencing her action against it. The complaint was dismissed with prejudice, the Statute of Limitations having expired in April 1997, two months prior to defendant's bringing the motion to dismiss.

Plaintiff claims that she did not receive certain communications from defendant regarding the demand for a physical examination and that the communications received did not meet the notice provisions of General Municipal Law § 50-h. Regard-

less of whether she received the letters defendant claims were sent to her attorney, we find that, on the record before us, her failure to have such an examination does not require dismissal of her claim, and we therefore reverse and reinstate the complaint.

In *Ruiz v New York City Hous. Auth.* (216 AD2d 258), we held that a similar motion to dismiss was properly denied "as based on plaintiff's failure to appear for a physical examination, where the date for such examination had been postponed indefinitely and defendant never attempted to secure its right thereto by serving plaintiff with another demand therefor (*compare, Best v City of New York*, 97 AD2d 389, *affd* 61 NY2d 847)." Unlike *Best*, cited by the IAS Court and defendant, plaintiff did not repeatedly reschedule and then fail to appear for a physical exam; rather, the defendant here never provided plaintiff with a scheduled date for such exam at all (*see also, Melendez v New York City Hous. Auth.*, 252 AD2d 437; *McCormack v Port Washington Union Free School Dist.*, 214 AD2d 546) and never served plaintiff with a subsequent demand following its initial communication (or communications) of March 14, 1996, prior to the hearing held pursuant to General Municipal Law § 50-h. Under the circumstances, therefore, the reasoning in *Ruiz* is equally applicable here, and we reach the same conclusion that the complaint should not be dismissed. Concur—Milonas, J. P., Rosenberger, Williams, Tom and Saxe, JJ.