■ In the Matter of JULIE J. PELEKANOS, Appellant, v CITY OF NEW YORK, Respondent. [694 NYS2d 694] —In a proceeding to compel the respondent to conduct a hearing pursuant to General Municipal Law § 50-h before April 4, 1998, the petitioner appeals from an order of the Supreme Court, Queens County (Lisa, J.), dated June 30, 1998, which, *inter alia,* denied the petition.

Ordered that the order is affirmed, with costs.

The law is well established that a potential plaintiff who has not complied with General Municipal Law § 50-h (1) is precluded from commencing an action against a municipality (*see,* General Municipal Law § 50-h [5]; *Best v City of New York,* 97 AD2d 389, *affd* 61 NY2d 847, *for reasons stated below*; *Patterson v Ford,* 255 AD2d 373; *Heins v Board of Trustees,* 237 AD2d 570; *Arcila v Incorporated Vil. of Freeport,* 231 AD2d 660; *Schrader v Town of Orangetown,* 226 AD2d 620). The petitioner here does not dispute the fact that a hearing pursu-

ant to General Municipal Law § 50-h was adjourned six times at her request or that she failed to appear on the scheduled hearing date of March 30, 1998, despite being advised that it was the last hearing date available before April 4, 1998, the expiration of the Statute of Limitations for commencing an action to recover damages for personal injuries. Since the petitioner failed to provide an adequate excuse for her noncompliance with the respondent's demand for an examination pursuant to General Municipal Law § 50-h (1), the Supreme Court properly denied the petition, made on the eve of the expiration of the Statute of Limitations, to compel the defendant to hold a hearing (*see, Matter of Dickey v City of New York,* 167 AD2d 238). O'Brien, J. P., Ritter, Joy, Altman and Smith, JJ., concur.