■ DAVID KANE, Appellant, v NEW YORK CITY HOUSING AUTHORITY et al., Respondents. [714 NYS2d 752] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (M. Garson, J.), dated November 10, 1999, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The defendants failed to make a prima facie showing of entitlement to judgment as a matter of law. The plaintiff's failure to appear for a physical examination as required by General Municipal Law § 50-h was due to the failure of the defendant New York City Housing Authority to provide him with a scheduled date for the physical examination (*see,* General Municipal Law § 50-e [2]; § 50-h; *Ramos v New York City Hous. Auth.,* 256 AD2d 195; *Ruiz v New York City Hous. Auth.,* 216 AD2d 258; *McCormack v Port Washington Union Free School Dist.,* 214 AD2d 546). In addition, the plaintiff's notice of claim was sufficient to satisfy the requirements of General Municipal Law § 50-e (*see, O'Brien v City of Syracuse,* 54 NY2d 353, 358). Ritter, J. P., Thompson, Friedmann, H. Miller and Feuerstein, JJ., concur.