■ JAMES PAGE, Individually and Doing Business as PAGE'S AUTOMOTIVE & AUTO WRECKING, Appellant, v CITY OF NIAGARA FALLS et al., Respondents, et al., Defendant. [716 NYS2d 173] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff appeals from an order granting his motion to renew and, upon renewal, adhering to a prior order granting the motion of the City of Niagara Falls (City), the Niagara Falls Fire Department and the Chief of Niagara Falls Fire Department (defendants) to dismiss the complaint. Supreme Court properly denied that part of plaintiff's motion with respect to the second cause of action. Plaintiff alleges therein that the City did not allocate sufficient resources for its fire department. The City's decision concerning the allocation of those resources "d[oes] not provide a proper predicate for tort liability against the City" (*Balsam v Delma Eng'g Corp.,* 90 NY2d 966, 968; *see, Mastroianni v County of Suffolk,* 91 NY2d 198, 203; *Kircher v City of Jamestown,* 74 NY2d 251, 256).

The court erred, however, in denying plaintiff's motion with respect to the first cause of action. Plaintiff alleges therein that defendants had a special relationship with plaintiff and that he sustained damages based on their deliberate and/or reckless indifference in failing to respond in a timely fashion to the fire at his property and in failing to control the fire in an effective manner. Defendants sought dismissal for failure to state a cause of action pursuant to CPLR 3211 (a) (7). Contrary to defendants' contention, we conclude that the complaint, read together with the affidavits submitted by plaintiff (*see, Guggenheimer v Ginzburg,* 43 NY2d 268, 275), sufficiently alleges the existence of a special relationship between plaintiff and defendants. That relationship is based on the assumption of an affirmative duty to act on plaintiff's behalf by responding to the 911 call; the undisputed knowledge that inaction on defendants' part could result in harm to plaintiff; the direct contact between defendants' agents and plaintiff through the 911 telephone call placed by plaintiff's daughter; and plaintiff's justifiable reliance on defendants' affirmative undertaking (*see, Cuffy v City of New York,* 69 NY2d 255, 260).

We reject defendants' contention that the complaint was subject to dismissal based on plaintiff's alleged failure to comply with General Municipal Law § 50-h. Plaintiff requested and received two adjournments for his examination "beyond the ninety day period" from service of the demand for examination, and the City failed to reschedule the hearing as required by General Municipal Law § 50-h (5). Thus, plaintiff was entitled to commence this action before an examination was conducted (*see,* General Municipal Law § 50-h [5]; *Ramos v New York City Hous. Auth.,* 256 AD2d 195; *Ruiz v New York City Hous. Auth.,* 216 AD2d 258).

We modify the order, therefore, by granting plaintiff's motion in part and reinstating the first cause of action. (Appeal from Order of Supreme Court, Niagara County, Joslin, J.—Renewal.) Present—Green, J. P., Wisner, Hurlbutt, Scudder and Kehoe, JJ.