■ DANIELLE WILSON et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [756 NYS2d 279] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated April 26, 2002, which, inter alia, denied its motion pursuant to CPLR 3126, Public Housing Law § 157 and General Municipal Law § 50-h, to dismiss the complaint. Justice Santucci has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff Danielle Wilson (hereinafter the infant plaintiff) was allegedly exposed to peeling lead paint inside an apartment in the defendant's building, commencing shortly after her birth in December 1988 until October 1993. The plaintiffs filed a notice of claim in December 1993, alleging that the infant plaintiff suffered from lead poisoning. In response, pursuant to General Municipal Law § 50-h, the defendant served a demand for oral and physical examinations, and for the production, inter alia, of medical records and authorizations. The plaintiff mother, Della Wilson, was deposed in February 1994, but the plaintiffs refused to provide authorizations for the release of medical and other records, and refused to produce the infant plaintiff for a physical examination.

In 1994 the defendant commenced a special proceeding to compel the plaintiffs to comply with its discovery demands, and pursuant to an order dated January 5, 1995, the Supreme Court directed the plaintiffs to provide the demanded authorizations and produce the infant plaintiff for a physical examination. The plaintiffs did not comply with this order. Instead, they let this matter languish until March 2001, when they commenced this action. Only after the defendant made the instant motion to dismiss, in August 2001, did the plaintiffs begin to attempt to comply with the defendant's demands, as enforced by the 1995 order.

It is well settled that where, in response to the service of a

notice of claim, a municipal entity demands a physical examination pursuant to General Municipal Law § 50-h, compliance with that demand is a condition precedent absent which no action for damages may be commenced (*see Best v City of New York,* 97 AD2d 389 [1983], *affd* 61 NY2d 847 [1984]; *Asaro v Gilpin,* 289 AD2d 429 [2001]; *Matter of Pelekanos v City of New York,* 264 AD2d 446 [1999]; *Matter of Johnson v City of Yonkers,* 262 AD2d 563 [1999]). Here, the plaintiffs' unexplained failure to comply with the defendant's demands precludes this action, and the Supreme Court was without authority to forgive this fatal default (*see Asaro v Gilpin, supra; Matter of Pelekanos v City of New York, supra*).

The plaintiffs' remaining contentions are without merit. Santucci, J.P., S. Miller, Friedmann and Cozier, JJ., concur.