■ FRANK SCALZO, JR., Appellant, v COUNTY OF SUFFOLK et al., Respondents, et al., Defendants. [760 NYS2d 879] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Emerson, J.), dated July 22, 2002, which granted the motion of the defendants County of Suffolk and Sheriff of the County of Suffolk to dismiss the complaint insofar as asserted against them based on his failure to comply with General Municipal Law § 50-h.

Ordered that the order is affirmed, with costs.

A party who has failed to comply with a demand for examination served pursuant to General Municipal Law § 50-h (2) is precluded from commencing an action against a municipality (*see* General Municipal Law § 50-h [5]; *Heins v Board of Trustees of Inc. Vil. of Greenport,* 237 AD2d 570 [1997]; *Arcila v Incorporated Vil. of Freeport,* 231 AD2d 660, 661 [1996]; *Bailey v New York City Health & Hosps. Corp.,* 191 AD2d 606 [1993]; *cf. Matter of Johnson v City of Yonkers,* 262 AD2d 563 [1999]). Here, the Supreme Court properly granted the motion of the defendants County of Suffolk and Sheriff of the County of Suffolk to dismiss the complaint insofar as asserted against them

since a General Municipal Law § 50-h hearing was adjourned at the plaintiff's request, and the plaintiff commenced this action without rescheduling a new hearing date after the last adjournment (*see Arcila v Incorporated Vil. of Freeport, supra; Bailey v New York City Health & Hosps. Corp., supra*).

The plaintiff's remaining contention is without merit. Smith, J.P., S. Miller, Crane and Cozier, JJ., concur.