■ CHANDRA BELTON et al., Appellants, v LIBERTY LINES TRANSIT, INC., et al., Respondents. [769 NYS2d 885]—

Order, Supreme Court, Bronx County (Bertram Katz, J.), entered on or about September 5, 2002, which granted defendants' motion to dismiss the complaint, unanimously reversed, on the law and the facts, without costs, the motion to dismiss denied and plaintiff directed to submit to a General Municipal Law § 50-h hearing within 30 days of service of a copy of this order, with notice of entry. Appeal from order, same court and Justice, entered November 18, 2002, which, insofar as appealable, denied plaintiffs' motion for leave to renew, unanimously dismissed, without costs, as academic, in view of the foregoing.

Although the general rule is that an action may not be commenced against a New York municipality unless the plaintiff has complied with the municipality's timely demand for a General Municipal Law § 50-h hearing, we have held that where such hearing has been indefinitely postponed and defendant never served a subsequent demand, a motion to dismiss based upon a plaintiff's failure to appear for the hearing may be denied (*Ruiz v New York City Hous. Auth.*, 216 AD2d 258 [1995] [dismissal denied "insofar as based on plaintiff's failure to appear for a physical examination, where the date for such examination had been postponed indefinitely and defendant never attempted to secure its right thereto by serving plaintiff with another demand therefor"]; *compare Best v City of New York*, 97 AD2d 389 [1983], *affd* 61 NY2d 847 [1984] [dismissal upheld where action commenced after plaintiff's repeated rescheduling and failure to appear at section 50-h hearing]; *see also Ramos v New York City Hous. Auth.*, 256 AD2d 195 [1998]). Denial of the motion to dismiss was appropriate here. The record before us

reveals that Westchester County, the owner of the bus on which plaintiff Chandra Belton was a passenger when she was injured, timely served a demand for a section 50-h hearing, that plaintiffs were granted a single adjournment, but no subsequent date was set, and that defendants never sought to reschedule the hearing. Concur—Tom, J.P., Saxe, Rosenberger, Williams and Gonzalez, JJ.