■ GLENN BERNOUDY, Appellant, v COUNTY OF WESTCHESTER et al., Respondents. [837 NYS2d 187]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, West-

chester County (Bellantoni, J.), dated June 29, 2006, which granted the defendants' motion to dismiss the complaint based on his failure to comply with General Municipal Law § 50-h.

Ordered that the order is affirmed, with costs.

A party who has failed to comply with a demand for examination pursuant to General Municipal Law § 50-h is precluded from commencing an action against a municipality (*see Patterson v Ford,* 255 AD2d 373 [1998]; *Heins v Board of Trustees of Inc. Vil. of Greenport,* 237 AD2d 570 [1997]; *Arcila v Incorporated Vil. of Freeport,* 231 AD2d 660 [1996]).

The Supreme Court properly granted the defendants' motion to dismiss the complaint, since the hearing pursuant to General Municipal Law § 50-h was adjourned at the plaintiff's request, and he commenced this action without rescheduling a new hearing date after the last adjournment (*see Scalzo v County of Suffolk,* 306 AD2d 397, 398 [2003]). Contrary to the plaintiff's contentions, his incarceration does not constitute an exceptional circumstance excusing his failure to be examined (*see Zapata v County of Suffolk,* 23 AD3d 553 [2005]; *Scalzo v County of Suffolk, supra*). Schmidt, J.P., Goldstein, Fisher and Lifson, JJ., concur.