■ DERRICK MILLER, Appellant, v COUNTY OF SUFFOLK et al., Respondents. [852 NYS2d 250]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Baisley, J.), dated June 25, 2007, which granted the defendants' motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint is denied.

On September 24, 2005, the plaintiff was a passenger in a car driven by nonparty P. L. Henderson and owned by nonparty Leondra Bray. That car collided with a police car owned by the defendant County of Suffolk and driven by the defendant Lola Quesada, a Suffolk County Police Officer. The accident occurred at the intersection of Grand Boulevard and Alkier Street in Islip.

The plaintiff and his mother served a notice of claim which was stamped received by the County on December 19, 2005. The County then demanded an oral examination pursuant to General Municipal Law § 50-h (hereinafter the 50-h hearing). Before the 50-h hearing was held, the plaintiff and his mother commenced an action against the County and Quesada, as well as the owner and driver of the car he was riding in, by summons and complaint filed February 21, 2006 (hereinafter the prior action).

Thereafter, the 50-h hearing in the prior action was adjourned and rescheduled a number of times, and the plaintiff herein failed to appear at any of the rescheduled hearings. Eventually, the defendants moved to dismiss the prior action insofar as asserted against them, and in an order dated August 2, 2006, the Supreme Court, Suffolk County (Whelan, J.), granted the motion. The order relied upon the failure of the plaintiff herein to appear in that action for a 50-h hearing prior to commencing the action against the County as the basis for the dismissal. No appeal was taken from this order.

By letter dated January 8, 2007, the plaintiff's counsel informed the County that the plaintiff was now willing to appear for the 50-h hearing. In response, the County asserted that, based on the dismissal of the prior action, it would not schedule a 50-h hearing, as there was no legal basis to allow the plaintiff "to recommence a legal proceeding against" the County or Quesada. The plaintiff then commenced the instant action.

The defendants moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint, contending, inter alia, that the action was barred by the doctrines of collateral estoppel and/or res judicata, and cited to the dismissal of the prior action. The Supreme Court agreed and, finding the action to have been thereby barred, granted the motion. This was error.

The dismissal of the prior action, insofar as it was asserted against the defendants, was for a failure to comply with a condition precedent and was not a determination on the merits. Thus, a second action for the same relief was not barred under the doctrines of collateral estoppel and/or res judicata (*see Wilson v New York City Hous. Auth.*, 15 AD3d 572 [2005]; *De Ronda v Greater Amsterdam School Dist.*, 91 AD2d 1088 [1983]; *see also Lo Guercio v New York City Tr. Auth.*, 31 AD2d 759 [1969]). Contrary to the defendants' contention, in this action, the plaintiff's compliance with the condition precedent was excused by virtue of the County's decision, in effect, to preclude the possibility of the plaintiff's compliance therewith (*see Kim L. v Port Jervis City School Dist.*, 40 AD3d 1042 [2007]; *Kane v New York City Hous. Auth.*, 276 AD2d 671 [2000]).

The defendant's remaining contentions are without merit. Spolzino, J.P., Skelos, Florio and Angiolillo, JJ., concur.