■ HILARY VARTANIAN, Respondent, v CITY OF NEW YORK, Defendant, and NEW YORK CITY TRANSIT AUTHORITY, Appellant. [852 NYS2d 282]—

In an action to recover damages for personal injuries, the de-

fendant New York City Transit Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated July 13, 2006, as denied its motion to dismiss the complaint insofar as asserted against it on the ground that the plaintiff failed to appear for an oral examination in accordance with Public Authorities Law § 1212 (5).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant New York City Transit Authority to dismiss the complaint insofar as asserted against it is granted.

Compliance with Public Authorities Law § 1212 (5) is a condition precedent to the commencement of an action against the New York City Transit Authority (hereinafter the NYCTA) (*see Lynch v New York City Tr. Auth.*, 12 AD3d 644, 646 [2004]; *Knotts v City of New York*, 6 AD3d 664, 665 [2004]; *Lo Guercio v New York City Tr. Auth.*, 31 AD2d 759, 760 [1969]). The plaintiff does not dispute the NYCTA's assertion that an oral examination pursuant to Public Authorities Law § 1212 (5) was adjourned six times at her request, and there is no evidence that she rescheduled a new examination date prior to the commencement of this action (*see Scalzo v County of Suffolk*, 306 AD2d 397, 398 [2003]; *Matter of Pelekanos v City of New York*, 264 AD2d 446, 447 [1999]; *Best v City of New York*, 97 AD2d 389 [1983], *affd* 61 NY2d 847 [1984]). The plaintiff's failure to remain in contact with her attorney and her inability to attend the examination due to her new job did not constitute sufficient reasons or exceptional circumstances that would excuse her failure to appear for the repeatedly-adjourned examination (*see Misek-Falkoff v Metropolitan Tr. Auth. [MTA]*, 44 AD3d 629 [2007]; *Bernoudy v County of Westchester*, 40 AD3d 896, 897 [2007]; *Arcila v Incorporated Vil. of Freeport*, 231 AD2d 660, 661 [1996]). Accordingly, the NYCTA's motion to dismiss the complaint insofar as asserted against it should have been granted. Spolzino, J.P., Santucci, Dillon and Balkin, JJ., concur.