Southern Tier Plastics, Inc., Respondent, v County of Broome, Defendant, and Town of Kirkwood, Appellant. [862 NYS2d 175]—

Mercure, J.P. Appeal from an order of the Supreme Court (Tait, J.), entered January 28, 2008 in Broome County, which, among other things, denied a motion by defendant Town of Kirkwood to dismiss the complaint for failure to state a cause of action.

In June 2006, a creek in the Town of Kirkwood, Broome County flooded, allegedly damaging plaintiff's property. Plaintiff served a notice of claim upon defendant Town of Kirkwood in September 2006, and, on October 18, 2006, the Town demanded a hearing pursuant to General Municipal Law § 50-h. The hearing was scheduled for January 8, 2007, but plaintiff subsequently requested that the hearing be adjourned and that its location be changed. The Town agreed to the adjournment and asked plaintiff to contact it in order to reschedule the examination, but declined to change the examination site. After plaintiff requested that the Town reconsider its refusal to move the examination site, the Town again declined and requested that plaintiff contact it "as soon as possible" to reschedule the examination. No further communication transpired between the parties until September 2007, when plaintiff commenced this action. The Town then moved to dismiss the complaint against it for failure to state a cause of action because the examination had not been conducted prior to commencement of the action. Supreme Court, among other things, denied the motion and the Town now appeals.

We affirm. Generally, compliance with a municipality's timely request for a General Municipal Law § 50-h examination is a condition precedent to commencement of an action by a claimant and "noncompliance is a ground for dismissal" (*Matter of Brian VV. v Chenango Forks Cent. School Dist.*, 299 AD2d 803, 804 [2002]; *see Misek-Falkoff v Metropolitan Tr. Auth. [MTA]*, 44 AD3d 629, 629 [2007]). Notably, the examination must be conducted within 90 days of the service of the demand, or a claimant may commence the action without it (*see* General Municipal Law § 50-h [5]). When the hearing has been indefinitely postponed and the municipality does not serve a subse-

quent demand, a plaintiff's failure to appear for a hearing will not warrant dismissal of the complaint (*see Belton v Liberty Lines Tr.*, 3 AD3d 334, 334 [2004]; *Page v City of Niagara Falls*, 277 AD2d 1047, 1048 [2000]; *Ramos v New York City Hous. Auth.*, 256 AD2d 195, 196 [1998]; *Ruiz v New York City Hous. Auth.*, 216 AD2d 258, 258 [1995]; *McCormack v Port Washington Union Free School Dist.*, 214 AD2d 546, 546 [1995]; *but see Bernoudy v County of Westchester*, 40 AD3d 896, 897 [2007]; *Scalzo v County of Suffolk*, 306 AD2d 397, 397-398 [2003]; *Wells v City of New York*, 254 AD2d 121, 121 [1998], *lv dismissed* 92 NY2d 1046 [1999], *cert denied* 527 US 1012 [1999]; *Bailey v New York City Health & Hosps. Corp.*, 191 AD2d 606, 606 [1993], *lv denied* 83 NY2d 759 [1994]). Here, the Town never served a subsequent demand; rather, it merely requested that plaintiff reschedule the hearing after indefinite postponement beyond the 90-day limit. Accordingly, Supreme Court properly concluded that the Town failed to satisfy the requirement of "reschedul[ing] the hearing for the earliest possible date available" (General Municipal Law § 50-h [5]) and the denial of the Town's motion to dismiss the complaint was proper. Plaintiff's assertion that this appeal is moot, based upon the fact that the section 50-h examination was held following Supreme Court's decision in this matter, has been examined and found to be without merit.

Rose, Lahtinen, Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, without costs.