■ Donna October et al., Respondents, v Town of Green-burgh, Appellant, and Edward October, Respondent. [865 NYS2d 646]—

In an action to recover damages for personal injuries, the defendant Town of Greenburgh appeals from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered October 29, 2007, as denied its motion to dismiss the complaint and all cross claims insofar as asserted against it for failure to comply with General Municipal Law § 50-h.

Ordered that the order is affirmed insofar as appealed from, with costs.

Generally, a plaintiff who has failed to comply with a demand for a hearing served pursuant to General Municipal Law § 50-h (2) is precluded from commencing an action against a municipality (*see* General Municipal Law § 50-h [5]; *Scalzo v County of Suffolk,* 306 AD2d 397 [2003]; *Matter of Pelekanos v City of New York,* 264 AD2d 446 [1999]). When, however, the hearing has been postponed indefinitely beyond 90 days after service of the demand and the municipality does not reschedule the hearing, a plaintiff's failure to appear for a hearing will not warrant dismissal of the complaint (*see* General Municipal Law § 50-h [5]; *Southern Tier Plastics, Inc. v County of Broome,* 53 AD3d 980 [2008]; *Belton v Liberty Lines Tr.,* 3 AD3d 334 [2004]; *Page v City of Niagara Falls,* 277 AD2d 1047, 1048 [2000]; *McCormack v Port Washington Union Free School Dist.,* 214 AD2d 546 [1995]). Here, the plaintiffs' first request for an adjournment of the hearing was granted by the appellant and the hearing was rescheduled to a date more than 90 days after service upon them of the demand. Prior to the second scheduled hearing date, the parties agreed to postpone the hearing without setting

another date. Since the appellant failed in its obligation to reschedule the hearing for the earliest possible date available, the plaintiffs' failure to appear for a hearing did not warrant the dismissal of the complaint insofar as asserted against the appellant (*see Southern Tier Plastics, Inc. v County of Broome,* 53 AD3d 980 [2008]; *McCormack v Port Washington Union Free School Dist.,* 214 AD2d 546 [1995]). Accordingly, the appellant's motion to dismiss the complaint and all cross claims insofar as asserted against it was properly denied. Rivera, J.P., Florio, Angiolillo, McCarthy and Chambers, JJ., concur.