■ Angel Vargas et al., Respondents, v City of Yonkers, Appellant. [883 NYS2d 720]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered July 24, 2008, which denied its motion to dismiss the complaint for failure to comply with General Municipal Law § 50-h.

Ordered that the order is affirmed, with costs.

Generally, a plaintiff who has failed to comply with a demand for a hearing served pursuant to General Municipal Law § 50-h (2) is precluded from commencing an action against a municipality (*see* General Municipal Law § 50-h [1], [5]; *Matter of Pelekanos v City of New York*, 264 AD2d 446 [1999]). However, dismissal of the complaint is not warranted where the hearing has been postponed indefinitely beyond the 90-day period and the municipality does not reschedule the hearing (*see* General Municipal Law § 50-h [5]; *October v Town of Greenburgh*, 55 AD3d 704 [2008]).

Here, after the defendant served the plaintiffs with a demand for a hearing to be held on November 15, 2006, the plaintiffs' attorney adjourned the scheduled hearing date and no new hearing date was selected. Since the hearing had been indefinitely postponed and the defendant did not serve a subsequent demand, the plaintiffs' failure to appear for a hearing did not warrant dismissal of the complaint (*see* General Municipal Law § 50-h [5]; *October v Town of Greenburgh*, 55 AD3d 704 [2008]; *Southern Tier Plastics, Inc. v County of Broome*, 53 AD3d 980 [2008]; *Belton v Liberty Lines Tr.*, 3 AD3d 334 [2004]; *Page v City of Niagara Falls*, 277 AD2d 1047, 1048 [2000]; *McCormack v Port Washington Union Free School Dist.*, 214 AD2d 546 [1995]). Accordingly, the defendant's motion to dismiss the complaint based upon the plaintiffs' failure to appear for a hearing was properly denied. Rivera, J.P., Dillon, Covello, Eng and Hall, JJ., concur.