■ DENISE BILLMAN, as Executrix of LINDSAY BILLMAN, Deceased, et al., Respondents, v CITY OF PORT JERVIS, Defendant, and PORT JERVIS SCHOOL DISTRICT, Appellant. [897 NYS2d 507]—

In an action to recover damages for conscious pain and suffering and wrongful death, etc., the defendant Port Jervis School District appeals from so much of an order of the Supreme Court, Orange County (Lubell, J.), dated May 19, 2009, as granted that branch of the plaintiffs' motion which was to dismiss its sixth affirmative defense insofar as asserted against the plaintiff Peter Billman and denied that branch of its cross motion which was to dismiss the complaint insofar as asserted by the plaintiff Peter Billman based upon his failure to appear for an examination pursuant to General Municipal Law § 50-h.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied that branch of the appellant's cross motion which was to dismiss the complaint insofar as asserted by the plaintiff Peter Billman based upon his failure to appear for an examination pursuant to General Municipal Law § 50-h. Generally, a plaintiff who has failed to comply with

a demand for a hearing served pursuant to General Municipal Law § 50-h (2) is precluded from commencing an action against a municipality (*see* General Municipal Law § 50-h [5]; *Matter of Pelekanos v City of New York*, 264 AD2d 446 [1999]). However, dismissal of the complaint is not warranted where the hearing has been postponed indefinitely beyond the 90 days after service of the demand and the municipality does not reschedule the hearing (*see* General Municipal Law § 50-h [5]; *Vargas v City of Yonkers*, 65 AD3d 585, 586 [2009]; *October v Town of Greenburgh*, 55 AD3d 704 [2008]).

Here, the parties agreed to adjourn the scheduled hearing date and the defendant failed to reschedule the hearing for the earliest possible date available. Under the circumstances of this case, the failure of Peter Billman to appear for a hearing did not warrant dismissal of the complaint insofar as asserted by him (*see Vargas v City of Yonkers*, 65 AD3d 585, 586 [2009]; *October v Town of Greenburgh*, 55 AD3d 704 [2008]; *Page v City of Niagara Falls*, 277 AD2d 1047, 1048 [2000]; *Ramos v New York City Hous. Auth.*, 256 AD2d 195, 196 [1998]; *Ruiz v New York City Hous. Auth.*, 216 AD2d 258 [1995]).

The appellant's remaining contention is without merit. Mastro, J.P., Santucci, Dickerson, Belen and Austin, JJ., concur. **[Prior Case History: 23 Misc 3d 1127(A), 2009 NY Slip Op 50957(U).]**