■ RICHARD ROSS, Respondent, v COUNTY OF SUFFOLK et al., Appellants. [922 NYS2d 784]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Rebolini, J.), dated November 29, 2010, which denied their motion pursuant to CPLR 3211 to dismiss the complaint upon the plaintiff's failure to appear for an examination pursuant to General Municipal Law § 50-h.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211 to dismiss the complaint is granted.

Compliance with a demand for a General Municipal Law § 50-h examination is a condition precedent to the commence-

ment of an action against a municipal defendant, and the failure to so comply warrants dismissal of the action (*see* General Municipal Law § 50-h [5]; *Steenbuck v Sklarow*, 63 AD3d 823, 824 [2009]; *Kemp v County of Suffolk*, 61 AD3d 937, 938 [2009]; *Bernoudy v County of Westchester*, 40 AD3d 896, 897 [2007]; *Arcila v Incorporated Vil. of Freeport*, 231 AD2d 660, 661 [1996]). A plaintiff's incarceration does not constitute an extraordinary circumstance that excuses compliance with the statute (*see Bernoudy v County of Westchester*, 40 AD3d at 897; *Zapata v County of Suffolk*, 23 AD3d 553, 554 [2005]), and it is not the municipal defendant's obligation to procure the attendance of the plaintiff at the examination (*see Zapata v County of Suffolk*, 23 AD3d at 554; *Scalzo v County of Suffolk*, 306 AD2d 397 [2003]).

In this case, the plaintiff, who was being held at the Suffolk County Correctional Facility, was granted an adjournment of his General Municipal Law § 50-h examination to September 30, 2009, but neither he nor his counsel confirmed the examination date as instructed by the defendants, took any steps to procure the plaintiff's attendance on the adjourned date, or appeared for the examination on that date. The plaintiff's subsequent commencement of this action without rescheduling the examination therefore warranted dismissal of his complaint (*see Kemp v County of Suffolk*, 61 AD3d at 938; *Bernoudy v County of Westchester*, 40 AD3d at 897; *Scalzo v County of Suffolk*, 306 AD2d at 397-398). Contrary to the plaintiff's contention, this is not a case in which the parties agreed to an indefinite postponement or adjournment of the examination so as to place the burden of rescheduling the examination on the defendants (*cf. Billman v City of Port Jervis*, 71 AD3d 932 [2010]; *Vargas v City of Yonkers*, 65 AD3d 585 [2009]; *October v Town of Greenburgh*, 55 AD3d 704 [2008]). Mastro, J.P., Balkin, Leventhal and Belen, JJ., concur.