■ SADE BOONE, Appellant, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY HOUSING AUTHORITY, Respondent. [938 NYS2d 474]—

` Compliance with a demand for an oral examination pursuant to General Municipal Law § 50-h and Public Housing Law § 157 (2) is a condition precedent to the commencement of an action against the defendant New York City Housing Authority (hereinafter the NYCHA), and the plaintiff's noncompliance therefore warranted dismissal of the complaint insofar as asserted against the NYCHA (*see Ross v County of Suffolk*, 84 AD3d 775, 776 [2011]; *Steenbuck v Sklarow*, 63 AD3d 823, 824 [2009]; *Kemp v County of Suffolk*, 61 AD3d 937, 938 [2009]; *Bernoudy v County of Westchester*, 40 AD3d 896, 897 [2007]). After the plaintiff repeatedly rescheduled and failed to appear for the scheduled examination, her attorney agreed to reschedule a new examination. The record reveals that the plaintiff, thereafter, failed to take sufficient steps to reschedule the new examination. Accordingly, the plaintiff's subsequent commencement of the action against the NYCHA without rescheduling the examination warranted dismissal of the complaint insofar as asserted against that defendant (*see Vartanian v City of New York*, 48 AD3d 673, 674 [2008]; *Bernoudy v County of Westchester*, 40 AD3d at 897; *Scalzo v County of Suffolk*, 306 AD2d 397, 398 [2003]; *Best v City of New York*, 97 AD2d 389 [1983], *affd* 61 NY2d 847 [1984]). Contrary to the plaintiff's contention, the papers submitted by the NYCHA in reply were properly considered by the Supreme Court, since they were relevant to refute the claims raised in the plaintiff's opposition (*see Lebar Constr. Corp. v HRH Constr. Corp.*, 292 AD2d 506, 507 [2002]; *Ticor Tit. Guar. Co. v Bajraktari*, 261 AD2d 156, 157 [1999]; *Piraeus Jewelry v Interested Underwriters at Lloyd's*, 246 AD2d 386, 387 [1998]). Dillon, J.P., Balkin, Belen and Austin, JJ., concur.