■ PAUL PALMIERI, Appellant-Respondent, v TOWN OF BABYLON et al., Respondents-Appellants. [31 NYS3d 578]—

In an action, inter alia, to recover damages for trespass and pursuant to 42 USC § 1983 for violation of federal constitutional rights under color of state law, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), entered November 27, 2012, as granted that branch of the defendants' motion which was to dismiss the complaint for failure to comply with General Municipal Law § 50-h, and the defendants cross-appeal from so much of the same order as denied that branch of their motion which was for an award of costs and sanctions pursuant to 22 NYCRR 130-1.1.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was to dismiss the cause of action to recover damages pursuant to 42 USC § 1983 for violation of federal constitutional rights under color of state law for failure to comply with General Municipal Law § 50-h, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In a prior action between the plaintiff and the defendant Town of Babylon, those parties, who own adjacent parcels of real property, entered into a so-ordered stipulation of settlement in which the Town agreed to build a fence along its property (see Palmieri v Town of Babylon, 56 AD3d 740, 741 [2008]). The Town thereafter unsuccessfully attempted to vacate the stipulation of settlement (see id.) and never built the fence. The plaintiff commenced an action seeking, among other things, specific performance of the stipulation of settlement. After commencement of that action, the value of the plaintiff's real property was reassessed in such a manner as to increase his property taxes. The plaintiff thereafter commenced this action, inter alia, to recover damages for trespass and pursuant to 42 USC § 1983 for violation of federal constitutional rights under color of state law, alleging that his property was reassessed in retaliation for his efforts to enforce the stipulation of settlement.

The defendants subsequently moved, inter alia, to dismiss the complaint for failure to comply with General Municipal Law § 50-h, and for an award of costs and sanctions pursuant to 22 NYCRR 130-1.1. The Supreme Court granted that branch of the motion which was to dismiss the complaint for failure to comply with General Municipal Law § 50-h, and denied that branch of the motion which sought an award of costs and sanctions.

Generally, " '[a] party who has failed to comply with a demand for examination pursuant to General Municipal Law § 50-h is precluded from commencing an action against a municipality' " (*Kemp v County of Suffolk*, 61 AD3d 937, 938 [2009], quoting *Bernoudy v County of Westchester*, 40 AD3d 896, 897 [2007]; *see* General Municipal Law § 50-h [5]). Contrary to the plaintiff's contention, he failed to offer a sufficient reason, or allege any exceptional circumstances, that would excuse him from complying with General Municipal Law § 50-h (*see Boone v City of New York*, 92 AD3d 709, 710 [2012]; *Ross v County of Suffolk*, 84 AD3d 775, 776 [2011]; *Kemp v County of Suffolk*, 61 AD3d at 938). The plaintiff failed to appear for, or request an adjournment of, a scheduled section 50-h examination. After a number of attempts by counsel for the Town and counsel for the plaintiff to contact each other to discuss rescheduling the examination, the Town's counsel sent the plaintiff's counsel a letter indicating that she should contact him to discuss rescheduling the examination. The plaintiff's counsel never responded to the letter. The failure to do so was unreasonable, despite a deadline included in the letter, given that the plaintiff had previously failed to appear for the examination and thus was responsible for rescheduling it.

Accordingly, the Supreme Court properly granted dismissal of the complaint for failure to comply with General Municipal Law § 50-h (*see Boone v City of New York*, 92 AD3d at 710; *Ross v County of Suffolk*, 84 AD3d at 776; *Kemp v County of Suffolk*, 61 AD3d at 938; *Bernoudy v County of Westchester*, 40 AD3d at 896), with the exception of the cause of action to recover damages pursuant to 42 USC § 1983 for violation of federal constitutional rights. General Municipal Law § 50-h does not apply to that cause of action (*see* General Municipal Law § 50-h [1]; *Felder v Casey*, 487 US 131, 134 [1988]; *Rowe v NYCPD*, 85 AD3d 1001, 1002 [2011]; *Corvetti v Town of Lake Pleasant*, 227 AD2d 821, 822 [1996]; *Matter of Rattner v Planning Commn. of Vil. of Pleasantville*, 156 AD2d 521, 525 [1989]; *Matter of Zurat v Town of Stockport*, 142 AD2d 1, 3 [1988]). Although the plaintiff raises this issue for the first time on ap-

peal, it involves a question of law that appears on the face of the record and could not have been avoided had it been brought to the attention of the Supreme Court (*see Paolicelli v Fieldbridge Assoc., LLC*, 120 AD3d 643, 645-646 [2014]; *Pipinias v J. Sackaris & Sons, Inc.*, 116 AD3d 749, 751 [2014]). Accordingly, we reach this issue and determine that the branch of the defendants' motion which was to dismiss the 42 USC § 1983 cause of action for failure to comply with General Municipal Law § 50-h should have been denied.

The Supreme Court did not improvidently exercise its discretion in declining to impose sanctions on the plaintiff and his counsel (*see* 22 NYCRR 130-1.1). Rivera, J.P., Austin, Sgroi and Barros, JJ., concur.