■ JANE DOE, Respondent, v ONONDAGA COUNTY et al., Appellants, et al., Defendants. [53 NYS3d 847]—

Appeal from an order of the Supreme Court, Onondaga County (Spencer J. Ludington, A.J.), entered July 20, 2016. The order denied the motion of defendants Onondaga County and Onondaga County Department of Social Services to dismiss the complaint against them.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries that she sustained as a result of her placement by defendants-appellants (defendants) in a foster home where she was subjected to sexual abuse. Contrary to defendants' contention, Supreme Court properly denied their motion seeking dismissal of the complaint against them based upon plaintiff's alleged failure to comply with their demand for a hearing pursuant to General Municipal Law § 50-h. " 'It is well settled that a plaintiff who has not complied with General Municipal Law § 50-h [(5)] is precluded from maintaining an action against a [county]' " (*Legal Servs. for the Elderly, Disabled, or Disadvantaged of W. N.Y., Inc. v County of Erie*, 125 AD3d 1321, 1322 [2015]; *see Gravius v County of Erie*, 85 AD3d 1545, 1545 [2011], *appeal dismissed* 17 NY3d 896 [2011]; *Kemp v County of Suffolk*, 61 AD3d 937, 938 [2009], *lv denied* 14 NY3d 703 [2010]). Here, however, plaintiff complied with the statute inasmuch as, after defendants demanded a General Municipal Law § 50-h hearing, she requested and was granted an adjournment of the hearing. Contrary to defendants' contention, it was incumbent upon them to reschedule the adjourned hearing (*see* § 50-h [5]; *October v Town of Greenburgh*, 55 AD3d 704, 704-705 [2008]; *Page v City of Niagara Falls*, 277 AD2d 1047, 1048 [2000]; *cf. Bernoudy v County of Westchester*, 40 AD3d 896, 897 [2007]). Present—Centra, J.P., Peradotto, Carni, NeMoyer and Curran, JJ.