Cardella v Suffolk County Police Dept. (2019 NY Slip Op 07565)





Cardella v Suffolk County Police Dept.


2019 NY Slip Op 07565


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-01786
 (Index No. 609347/17)

[*1]Christopher Cardella, appellant, 
v
Suffolk County Police Department, et al., respondents.


Zimmerman Law, P.C., Huntington Station, NY (Gary R. Novins of counsel), for appellant.
Dennis M. Brown, County Attorney, Hauppauge, NY (Danielle Carter and Cameron Grant of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for false arrest and false imprisonment, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated January 9, 2018. The order granted the defendants' motion to dismiss the complaint for failure to comply with General Municipal Law § 50-h, and denied the plaintiff's cross motion, inter alia, to compel the defendants to conduct an examination pursuant to General Municipal Law § 50-h.
ORDERED that the order is affirmed, with costs.
On May 22, 2016, the plaintiff was arrested at his home in Huntington Station. On or about August 18, 2016, the plaintiff served a notice of claim upon the Suffolk County Police Department and Police Officer Gregory Boccard (hereinafter together the defendants). On September 8, 2016, the defendants served a demand for an oral examination of the plaintiff pursuant to General Municipal Law § 50-h. The demand scheduled the examination for November 10, 2016. It is undisputed that the plaintiff did not appear for the examination. In May 2017, the plaintiff commenced this action, inter alia, to recover damages for false arrest and false imprisonment. In June 2017, the defendants moved to dismiss the complaint for failure to comply with General Municipal Law § 50-h. The plaintiff cross-moved, inter alia, to compel the defendants to conduct a General Municipal Law § 50-h examination (see General Municipal Law § 50-i). By order dated January 9, 2018, the Supreme Court granted the defendants' motion and denied the plaintiff's cross motion. The plaintiff appeals.
"Compliance with a demand for a General Municipal Law § 50-h examination is a condition precedent to the commencement of an action against a municipal defendant, and the failure to so comply warrants dismissal of the action" (Colon v Martin, 170 AD3d 1109, 1110 [internal quotation marks omitted]). Here, the plaintiff's commencement of this action without rescheduling the examination warranted dismissal of the complaint (see Ross v County of Suffolk, 84 AD3d 775, 775-776; Bernoudy v County of Westchester, 40 AD3d 896, 897; Scalzo v County of Suffolk, 306 AD2d 397, 397-398). Accordingly, we agree with the Supreme Court's determination granting the [*2]defendants' motion to dismiss the complaint for failure to comply with General Municipal Law § 50-h (see Di Pompo v City of Beacon Police Dept., 153 AD3d 597, 598; Boone v City of New York, 92 AD3d 709, 710).
Furthermore, since the plaintiff failed to offer any excuse for his noncompliance with the defendants' demand for a General Municipal Law § 50-h examination, the Supreme Court providently exercised its discretion in denying the plaintiff's cross motion, inter alia, to compel the defendant to conduct such an examination (see Matter of Pelekanos v City of New York, 264 AD2d 446, 447; see generally Wilson v NewYork City Hous. Auth., 303 AD2d 403, 404; Matter of Dickey v City of New York, 167 AD2d 238, 239).
The plaintiff's contentions concerning his alleged attempts to reschedule the examination are improperly raised for the first time on appeal and have not been considered by this Court.
RIVERA, J.P., COHEN, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court