Murphy v Town of Waterford (2023 NY Slip Op 01929)

Murphy v Town of Waterford

2023 NY Slip Op 01929

Decided on April 13, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 13, 2023

534725
[*1]Terence Murphy, as Trustee of the Margaret M. Pieper Family Trust, et al., Respondents,
v
Town of Waterford, Appellant, et al., Defendants.

Calendar Date:February 15, 2023

Before:Garry, P.J., Lynch, Clark, Reynolds Fitzgerald and McShan, JJ.

Bailey, Johnson & Peck, PC, Albany (William C. Firth of counsel), for appellant.
Mandel Clemente, PC, East Greenbush (Linda A. Mandel Clemente of counsel), for respondents.

Lynch, J.
Appeal from an order of the Supreme Court (Dianne N. Freestone, J.), entered December 20, 2021 in Saratoga County, which denied a motion by defendant Town of Waterford to dismiss the complaint against it.
In May 2020, property located in defendant Town of Waterford was allegedly damaged by a landslide caused by defects in the Town's water system. Plaintiff Margaret M. Pieper holds a life estate in the subject property, which is owned by the Margaret M. Pieper Family Trust. Plaintiffs served a notice of claim on the Town on August 3, 2020, contending that the two-family residence on the property had been rendered uninhabitable as a result of the Town's negligent maintenance of the water system. On August 25, 2020, the Town demanded a hearing pursuant to General Municipal Law § 50-h, with the examination scheduled for September 29, 2020. Due to her pending trial schedule, plaintiffs' counsel proposed rescheduling the examination for early November 2020. The Town proposed dates in October and November 2020. On November 24, 2020, plaintiffs' counsel advised that due to COVID-19 concerns, Pieper — who is a senior citizen — would require appropriate accommodations and that steps were underway for the appointment of a new trustee. In response, the Town agreed to conduct the hearing virtually and indicated that it was amenable to awaiting the appointment of a new trustee, provided that occurred "in the near future." By letter dated December 30, 2020, the Town asserted that Pieper had "refused" to participate in a hearing and was "willfully evading" her obligation to do so. That same day, plaintiffs' counsel informed the Town that Pieper was being treated for COVID-19 and would advise as to her condition going forward. By letter dated February 17, 2021, the Town requested an update as to Pieper's health and availability, reasserting their position that she was willfully evading the hearing. By letter dated July 7, 2021, plaintiffs' counsel advised that a new trustee had been appointed and that Pieper was available.
Plaintiffs commenced this action on August 3, 2021. After issue was joined, the Town moved to dismiss the action because the General Municipal Law § 50-h examination had not been held. Supreme Court denied the motion. The Town appeals.
We affirm. Generally, a claimant must comply with a municipality's request for a General Municipal Law § 50-h examination as a condition precedent to commencing an action (see Southern Tier Plastics, Inc. v County of Broome, 53 AD3d 980, 980 [3d Dept 2008]). That examination must be held within 90 days of service of the demand (see General Municipal Law § 50-h [5]). When, as here, the examination is postponed beyond that 90-day window, it is incumbent on the municipality to serve a subsequent demand reestablishing an examination date (see Southern Tier Plastics, Inc. v County of Broome, 53 AD3d at 980-981). As recounted above, the Town failed to do so and, as such, Supreme Court's denial of the motion was [*2]proper (see id.).
Garry, P.J., Clark, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.