Ramirez v New York City Hous. Auth. (2025 NY Slip Op 06203)

Ramirez v New York City Hous. Auth.

2025 NY Slip Op 06203

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2024-01095
 (Index No. 525304/20)

[*1]Carlos Mora Ramirez, respondent, 
v
New York City Housing Authority, appellant, et al., defendant.

Lester Schwab Katz & Dwyer, LLP (Wilson Elser Moskowitz Edelman & Dicker, New York, NY [Patrick J. Lawless], of counsel), for appellant.
Law Offices of Dennis Smith, P.C., New York, NY (Dennis R. Smith of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant New York City Housing Authority appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated January 10, 2024. The order denied that defendant's motion to dismiss the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant New York City Housing Authority to dismiss the complaint insofar as asserted against it is granted.
The plaintiff commenced this action to recover damages for personal injuries against the defendant New York City Housing Authority (hereinafter the defendant) and another party. The defendant moved pursuant to CPLR 3211(a) and 3215(c) to dismiss the complaint insofar as asserted against it. In an order dated January 10, 2024, the Supreme Court denied the defendant's motion. The defendant appeals.
"The purpose of General Municipal Law § 50-h is to enable a municipality to make a prompt investigation of the circumstances of a claim by examining the claimant about the facts of the claim" (Colon v Martin, 170 AD3d 1109, 1110; see Nasca v Town of Brookhaven, 10 AD3d 415, 416). "The oral examination of a claimant pursuant to General Municipal Law § 50-h serves to supplement the notice of claim and provides an investigatory tool to the municipality, with a view toward settlement" (Colon v Martin, 170 AD3d at 1110). "Compliance with a demand for an oral examination pursuant to General Municipal Law § 50-h and Public Housing Law § 157(2) is a condition precedent to the commencement of an action against the defendant New York City Housing Authority" (Boone v City of New York, 92 AD3d 709, 710).
In this case, the plaintiff's noncompliance with General Municipal Law § 50-h and Public Housing Law § 157(2) warranted granting dismissal of the complaint insofar as asserted against the defendant (see Colon v Martin, 170 AD3d at 1110; Palmieri v Town of Babylon, 139 AD3d 925, 926; Boone v City of New York, 92 AD3d at 710).
The defendant's remaining contention is academic in view of our determination.
Accordingly, the Supreme Court should have granted, pursuant to CPLR 3211(a), the defendant's motion to dismiss the complaint insofar as asserted against it, on the ground that the plaintiff failed to comply with the condition precedent.
DILLON, J.P., BRATHWAITE NELSON, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court