In the Matter of JOHN ZURAT et al., Appellants, v TOWN OF
STOCKPORT et al., Respondents.

Third Department, November 10, 1988

## APPEARANCES OF COUNSEL

*Francis J. Roche* for appellants.

*Connor, Curran & Schram (Sterling T. Goodspeed* and *Daniel J. Tuczinski* of counsel), for Town of Stockport, respondent.

*Carl G. Whitbeck, Jr., County Attorney (John M. Leonardson* of counsel), for County of Columbia, respondent.

## OPINION OF THE COURT

YESAWICH, JR., J.

Respondent Town of Stockport has issued water bills to each real property owner within its Water District No. 3 which has facilities using water or capable of using water, including petitioners, from 1980 through 1987. In 1980 and again in 1981, petitioners successfully brought CPLR article 78 proceedings against the town to have the 1980 and 1982 billings annulled. Petitioners then ignored subsequent billings believing that they were void under the doctrine of collateral estoppel, but when in 1985 petitioners sought to have their 1985 water bill annulled based upon the 1982 proceeding, Supreme Court, and in turn this court, ruled that collateral estoppel did not apply *(Matter of Zurat v Town Bd.,* 124 AD2d 287).

In May of 1987, some 13 months after Supreme Court's adverse ruling and seven months after our affirmance on

appeal, petitioners sought leave to file a late notice of claim to enable them to bring suit against the town and respondent Columbia County pursuant to the Federal Civil Rights Act of 1871 (42 USC § 1983). The thrust of petitioners' proposed complaint is that they were deprived of their property without due process of law and were denied equal protection of the laws in that, despite being fully aware that its earlier water bills issued to petitioners were judicially annulled, the town repeatedly, maliciously and unlawfully continued to send petitioners water bills, knowing that the latter would have to commence legal action to annul them, and that this practice ultimately resulted in water bills being relieved by the county and tax sales. The relief prayed for includes compensatory and punitive damages against the town; annulment of water bills for 1983, 1984 and 1985 and subsequent tax bills to the extent they incorporate said water bills; annulment of tax sales by the county of petitioners' property for nonpayment of said tax bills and enjoinder of any further tax sale proceedings based thereon; and related costs, disbursements and counsel fees. Leave to serve a late notice of claim was denied, prompting petitioners' appeal.

Although Supreme Court correctly applied New York law regarding leave to serve a late notice of claim, the United States Supreme Court has since ruled that compliance need not be had with the requirements of Wisconsin's notice of claim statute, similar in relevant respects to New York's, before instituting a Federal civil rights suit in State court against a State or local governmental entity or officer under 42 USC § 1983, for those requirements are inconsistent with the aims of section 1983 and are preempted by Federal law *(Felder v Casey,* 487 US —, —, —, 108 S Ct 2302, 2304, 2306). In reaching that conclusion Justice Brennan, writing for a majority of the United States Supreme Court, observed: "The question before us today, therefore, is essentially one of pre-emption: is the application of the State's notice-of-claim provision to § 1983 actions brought in state courts consistent with the goals of the federal civil rights laws, or does the enforcement of such a requirement instead ' "stan[d] as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress" '? *Perez v. Campbell,* 402 U.S. 637, 649, 91 S.Ct. 1704, 1711, 29 L.Ed.2d 233 (1971) (quoting *Hines v. Davidowitz,* 312 U.S. 52, 67, 61 S.Ct. 399, 404, 85 L.Ed. 581 (1941)). Under the Supremacy Clause of the Federal Constitution, '[t]he relative importance to the State of its own law is

not material when there is a conflict with a valid federal law,' for 'any state law, however clearly within a State's acknowledged power, which interferes with or is contrary to federal law, must yield.' *Free v. Bland,* 369 U.S. 663, 666, 82 S.Ct. 1089, 1092, 8 L.Ed.2d 180 (1962). Because the notice-of-claim statute at issue here conflicts both in its purpose and effects with the remedial objectives of § 1983, and because its enforcement in such actions will frequently and predictably produce different outcomes in § 1983 litigation based solely on whether the claim is asserted in state or federal court, we conclude that the state law is pre-empted when the § 1983 action is brought in a state court" *(supra,* 487 US, at —, —, 108 S Ct, at 2306-2307). The foregoing eliminates service of a notice of claim as a condition precedent to prosecution of petitioners' Federal civil rights claim and thus renders this appeal moot.

MAHONEY, P. J., MIKOLL, LEVINE and HARVEY, JJ., concur.

Appeal dismissed, as moot, without costs.