Jeffrey T.C. v Grand Is. Cent. Sch. Dist. (2021 NY Slip Op 04427)





Jeffrey T.C. v Grand Is. Cent. Sch. Dist.


2021 NY Slip Op 04427


Decided on July 16, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, TROUTMAN, AND DEJOSEPH, JJ.


112 CA 19-02310

[*1]JEFFREY T.C., INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF S.C., A MINOR AND DANIELLA M. S.-C., INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF S.C., A MINOR, PLAINTIFFS-RESPONDENTS,
v
GRAND ISLAND CENTRAL SCHOOL DISTRICT, TOWN OF GRAND ISLAND AND WILLIAM KAEGEBEIN ELEMENTARY, DEFENDANTS-APPELLANTS. 






BAXTER SMITH & SHAPIRO, WEST SENECA (BRYAN R. FORBES OF COUNSEL), FOR DEFENDANTS-APPELLANTS GRAND ISLAND CENTRAL SCHOOL DISTRICT AND WILLIAM KAEGEBEIN ELEMENTARY. 
BARGNESI BRITT PLLC, BUFFALO (JASON T. BRITT OF COUNSEL), FOR DEFENDANT-APPELLANT TOWN OF GRAND ISLAND. 
 


 Appeals from an order of the Supreme Court, Erie County (E. Jeannette Ogden, J.), entered November 22, 2019. The order, insofar as appealed from, denied the motions of defendants to dismiss the complaint with prejudice. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motions insofar as they sought dismissal of the complaint and dismissing the complaint without prejudice, and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this negligence action seeking to recover damages for injuries sustained by their child, who was then a second-grade student, during recess. Defendants appeal from an order that, insofar as appealed from, denied their motions seeking dismissal of the complaint with prejudice on the ground that plaintiffs failed to fulfill a condition precedent to suit by refusing to produce the child for a demanded examination pursuant to General Municipal Law § 50-h.
"As General Municipal Law § 50-h (5) makes clear on its face, compliance with a municipality's demand for a section 50-h examination is a condition precedent to commencing an action against that municipality" (Colon v Martin, 35 NY3d 75, 79 [2020]). "A claimant's failure to comply with such a demand generally warrants dismissal of the action" (id., citing Davidson v Bronx Mun. Hosp., 64 NY2d 59, 62 [1984]). "Requiring claimants to comply with section 50-h before commencing an action augments the statute's purpose, which 'is to afford the [municipality] an opportunity to early investigate the circumstances surrounding the accident and to explore the merits of the claim, while information is readily available, with a view towards settlement' " (id. at 79-80). " 'The failure to submit to . . . an examination [pursuant to section 50-h], however, may be excused in exceptional circumstances, such as extreme physical or psychological incapacity' " (Legal Servs. for the Elderly, Disabled, or Disadvantaged of W. N.Y., Inc. v County of Erie, 125 AD3d 1321, 1322 [4th Dept 2015]; see McDaniel v City of Buffalo, 291 AD2d 826, 826 [4th Dept 2002]).
Here, "[b]y refusing to produce for an examination under General Municipal Law § 50-h [*2]the minor child on whose behalf they are suing, plaintiffs failed to comply with a condition precedent to commencing the action . . . Nor did they demonstrate exceptional circumstances so as to excuse their noncompliance" (Simon v Bellmore-Merrick Cent. High Sch. Dist., 133 AD3d 557, 558 [1st Dept 2015]; see C.B. v Park Ave. Pub. Sch., 172 AD3d 980, 982 [2d Dept 2019]; Matter of Brian VV. v Chenango Forks Cent. School Dist., 299 AD2d 803, 803-804 [3d Dept 2002]). We therefore agree with defendants that Supreme Court erred in denying their motions insofar as they sought dismissal of the complaint (see Simon, 133 AD3d at 558; McDaniel, 291 AD2d at 826). We nevertheless conclude that, contrary to defendants' contention, the complaint should be dismissed without prejudice (see Kowalski v County of Erie, 170 AD2d 950, 950 [4th Dept 1991], lv denied 78 NY2d 851 [1991]). In light of our determination, we do not address defendants' remaining contention.
Entered: July 16, 2021
Mark W. Bennett
Clerk of the Court