Landa v Poloncarz (2022 NY Slip Op 04490)

Landa v Poloncarz

2022 NY Slip Op 04490

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.

497 CA 21-00842

[*1]JUDITH LANDA, PLAINTIFF-RESPONDENT,
v
MARK POLONCARZ, ERIE COUNTY EXECUTIVE, DEFENDANT-APPELLANT. 

HODGSON RUSS LLP, BUFFALO (RYAN K. CUMMINGS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
ZEICHNER ELLMAN & KRAUSE LLP, NEW YORK CITY (J. DAVID MORRISSY OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeal from an order of the Supreme Court, Erie County (Paul Wojtaszek, J.), entered June 9, 2021. The order denied in part the motion of defendant to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting those parts of the motion seeking to dismiss the first through fourth causes of action for failure to comply with General Municipal Law § 50-h and dismissing those causes of action without prejudice, and as modified the order is affirmed without costs.
Memorandum: In this action seeking, inter alia, damages arising from alleged defamatory statements made by defendant, defendant appeals from an order denying in part his motion to dismiss the complaint. We agree with defendant that Supreme Court erred in denying the motion insofar as it sought to dismiss the first through fourth causes of action on the ground that plaintiff failed to comply with defendant's demand for an oral examination pursuant to General Municipal Law § 50-h (1), and we therefore modify the order accordingly. "[A] plaintiff who has not complied with General Municipal Law § 50—h (1) is precluded from maintaining an action against a municipality" (McDaniel v City of Buffalo, 291 AD2d 826, 826 [4th Dept 2002]; see Jeffrey T.C. v Grand Is. Cent. Sch. Dist., 196 AD3d 1117, 1117-1118 [4th Dept 2021]). Here, plaintiff adjourned the examination on two separate occasions and failed to respond to defendant's subsequent request that she choose from a list of dates when she would be available for examination. Under the circumstances, plaintiff bore the burden of rescheduling the examination (see Kluczynski v Zwack, 170 AD3d 1656, 1657 [4th Dept 2019]; Bailey v New York City Health & Hosps. Corp., 191 AD2d 606, 606 [2d Dept 1993], lv denied 83 NY2d 759 [1994]), and because plaintiff failed to reschedule, she was barred by statute from commencing an action (see
§ 50-h [5]). "Although compliance with General Municipal Law
§ 50—h (1) may be excused in 'exceptional circumstances' " (McDaniel, 291 AD2d at 826), there were no such circumstances here. Contrary to defendant's contention, however, the first through fourth causes of action should be dismissed without prejudice (see Jeffrey T.C., 196 AD3d at 1118; Kowalski v County of Erie, 170 AD2d 950, 950 [4th Dept 1991], lv denied 78 NY2d 851 [1991]).
In light our determination, we do not address defendant's remaining contentions.
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court