Zimmerman v Vazquez (2025 NY Slip Op 05989)

Zimmerman v Vazquez

2025 NY Slip Op 05989

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2024-05082
 (Index No. 55095/23)

[*1]Sean E. Zimmerman, appellant, 
v
Alan M. Vazquez, et al., respondents.

Morgan & Morgan, NY PLLC (Pollack, Pollack, Isaac & DeCicco LLP, New York, NY [Brian J. Isaac], of counsel), for appellant.
Matthew I. Gallagher, Corporation Counsel, Yonkers, NY (David P. Redmond and Cesar Zuniga of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Paul I. Marx, J.), dated January 17, 2024. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint and directed dismissal of the complaint with prejudice.
ORDERED that the order is modified, on the law, by deleting the provision thereof directing dismissal of the complaint with prejudice, and substituting therefor a provision directing dismissal of the complaint without prejudice; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when a vehicle he was driving was struck by a garbage truck owned by the defendant City of Yonkers and operated by the defendant Alan M. Vazquez. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint on the ground that the plaintiff failed to comply with a demand for a physical examination pursuant to General Municipal Law § 50-h prior to commencing the action. In an order dated January 17, 2024, the Supreme Court granted the motion and directed dismissal of the complaint with prejudice. The plaintiff appeals.
"Compliance with a demand for a General Municipal Law § 50-h examination is a condition precedent to the commencement of an action against a municipal defendant," and the failure to so comply generally warrants dismissal of the action (Cardella v Suffolk County Police Dept., 176 AD3d 1029, 1030 [internal quotation marks omitted]; see Palmieri v Town of Babylon, 139 AD3d 925, 926). "The failure to submit to such an examination . . . may be excused in exceptional circumstances, such as extreme physical or psychological incapacity" (Hymowitz v City of New York, 122 AD3d 681, 682; see C.B. v Park Ave. Pub. Sch., 172 AD3d 980, 981).
Here, the defendants demonstrated that the plaintiff failed to comply with their demand for a physical examination prior to commencing this action (see Cardella v Suffolk County Police Dept., 176 AD3d at 1030). Morever, the plaintiff failed to assert any exceptional circumstances that would excuse him from complying with General Municipal Law § 50-h (see [*2]Aikhoje v City of New York, 235 AD3d 610, 612; Palmieri v Town of Babylon, 139 AD3d at 926). Accordingly, the Supreme Court properly directed dismissal of the complaint for failure to comply with General Municipal Law § 50-h (see Cardella v Suffolk Count Police Dept., 176 AD3d at 1030; Palmieri v Town of Babylon, 139 AD3d at 926). However, the court should have directed dismissal of the complaint without prejudice (see Jeffrey T.C. v Grand Is. Cent. Sch. Dist., 196 AD3d 1117, 1118; Jacker v County of Suffolk, 304 AD2d 528, 529).
BARROS, J.P., CHAMBERS, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court